JOHANNA KENNEDY, Appellee, *vs.* THE COURT OF HONOR, Appellant.

*Opinion filed April 23, 1908.*

1. APPEALS AND ERRORS—*party cannot prosecute one appeal from two separate judgments.* Separate judgments by the Appellate Court, one denying leave to file a petition for *mandamus* to compel a circuit judge to sign a bill of exceptions in a suit at law and the other dismissing the appeal in the suit at law on a short record, upon motion of the appellee, cannot be reviewed together upon a single appeal, where the cases were not consolidated.

2. SAME—*when an appeal to Supreme Court must be dismissed.* An appeal which seeks to bring up for review two separate judgments of the Appellate Court against the same party will be dismissed by the Supreme Court, on motion of the appellee, without considering either one of the cases involved. (*Hall* v. *Royal Neighbors,* 231 Ill. 185, explained.)

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Douglas county; the Hon. SOLON PHILBRICK, Judge, presiding.

This is an appeal by the Court of Honor, a corporation, from a judgment of the Appellate Court for the Third District dismissing an appeal by appellant from a judgment rendered against it, in favor of Johanna Kennedy, in the circuit court of Douglas county, at the March term, 1907, and from a judgment of said Appellate Court denying a motion filed in that court by the People, on the relation of appellant, for leave to file a petition for a writ of *mandamus,* directed to the Hon. Solon Philbrick, one of the judges of the sixth judicial circuit and the judge presiding at the March term, 1907, of said circuit court, commanding him to sign a bill of exceptions in the suit brought by Johanna Kennedy against said Court of Honor in said circuit court.

The petition for writ of *mandamus* which was presented with the motion for leave to file, avers, among other things, that at the March term, 1907, of the circuit court of Doug-

las county, upon a trial in that court, Judge Philbrick presiding, Mrs. Kennedy recovered a verdict in the sum of $2000 against appellant, and that the court, after overruling a motion for a new trial, entered judgment upon the verdict; that appellant thereupon prayed an appeal to the Appellate Court for the Third District, which was allowed upon appellant filing a bond in the sum of $3000 within twenty days and bill of exceptions within forty days; that the said order was entered by the judge of said court on March 27, 1907; that the bond was filed within the time limited, but that the bill, for reasons stated, was not so filed; that said March term of court was on March 27 adjourned until April 20, 1907, and that on that date said court was convened and adjourned until May 18, 1907, at which time, after having given notice, in writing, to the attorneys for Mrs. Kennedy, appellant in open court presented to the judge its bill of exceptions for his signature and filed its motion asking that the time for filing said bill of exceptions be extended until that date, but the judge refused to sign the bill and denied the motion for an extension; that the court on that day was adjourned until August 31, 1907, when appellant made another effort to have the bill signed and sealed in open court which was ineffectual, although it was not denied that said proposed bill of exceptions presented was correct; that the March term, 1907, of said circuit court was not finally adjourned until September 14, 1907, and that because of the refusal of said judge to sign and seal said bill of exceptions appellant is precluded from a review by the Appellate Court of the material matters which it relies upon in its assignment of errors. The Appellate Court denied the motion for leave to file the petition.

The appellant also filed in the Appellate Court a partial record of the proceedings of the circuit court in the suit brought by Mrs. Kennedy, and while the motion for leave to file the petition for *mandamus* was pending in the Appellate Court filed its motion for a continuance of the cause

appealed from the circuit court until the next term of the Appellate Court, and to extend the time for filing transcript of the record, abstract and brief and argument until the first day of the said succeeding term, for the reason that it would be impossible for the appellant to take further steps in said matter until the question as to whether or not the said judge should sign and seal a bill of exceptions in said cause was determined by said court. This motion was denied.

Johanna Kennedy having filed a short record in the Appellate Court in the suit to which she was a party, the appeal therein, upon her motion, was dismissed.

It is here contended by the appellant (1) the Appellate Court erred in denying relator's motion for leave to file the petition in the *mandamus* proceeding; (2) the Appellate Court, in the case of *Kennedy* v. *Court of Honor*, erred in refusing appellant's motion for a continuance, in refusing to extend the time for filing record, abstract and brief, and in dismissing the appeal.

W. B. RISSE, TRUMAN PLANTZ, and W. W. REEVES, for appellant.

ECKHART & MOORE, J. M. MERICA, and JOHN H. CHADWICK, for appellee.

Per CURIAM: Appellee insists that this appeal should be dismissed for the reason that appellant by one appeal seeks to have two separate judgments of the Appellate Court reviewed. Two cases were pending in that court,—one a motion for leave to file a petition for a writ of *mandamus* brought in the name of the People of the State of Illinois, on the relation of the Court of Honor, against Judge Philbrick. In the other case Johanna Kennedy had recovered a judgment in the circuit court against the Court of Honor, from which judgment the latter had prayed an appeal to the Appellate Court, filed an appeal bond and sought additional time to file a complete transcript, abstracts and briefs. The

purpose of the *mandamus* proceeding was to compel Judge Philbrick, of the circuit court, to sign a bill of exceptions in the suit brought by Mrs. Kennedy. In the *mandamus* case the Appellate Court denied the motion for leave to file a petition and entered a judgment for costs against the Court of Honor. The other case was disposed of in the Appellate Court separately by an order dismissing the appeal upon the motion of Mrs. Kennedy, who had filed a short record, and a judgment was entered in that case against the Court of Honor for costs. The cases were not consolidated in the Appellate Court. Thereafter the Court of Honor prayed one appeal from both judgments of the Appellate Court, and the judges of that court at chambers made an order which is regarded by the appellant as an order allowing one appeal from both judgments. But one appeal bond was filed, and it recites that an appeal has been allowed from both of the judgments. The two causes are here presented under the foregoing title as one.

Appeals can be prosecuted only in accordance with the statute, and there is no provision authorizing a party to prosecute one appeal from two separate judgments against him. In *Hall* v. *Royal Neighbors,* 231 Ill. 185, upon a somewhat similar record we stated that the law does not provide for composite appeals. No objection seems to have been taken in that case, however, upon that ground, and the court proceeded to consider one of the cases there involved. Here the question of the legality of the method by which the cases are brought to this court is not waived. On the contrary, it is expressly insisted that the appeal should be dismissed. Under these circumstances we cannot rightfully consider the questions raised by the assignments of error.

The appeal will be dismissed.        *Appeal dismissed.*