The People *ex rel.* Henry L. Arnold, County Collector, Appellee, *vs.* Theron Adair *et al.* Appellants.

*Opinion filed December 21, 1910.*

1. DRAINAGE—*when original classification is valid.* An original classification of lands made out by farm drainage commissioners at the office of their attorney outside of the limits of the district is not invalid, where it was filed in the town clerk's office in the district and a time and place fixed for hearing objections thereto at the house of one of the owners of assessed land who resided in the district, where, after due notice, the commissioners heard the objections and confirmed the classification.

2. SAME—*farm drainage commissioners must keep accurate accounts and make reports.* Under the statute farm drainage commissioners must keep accurate accounts showing the receipts and disbursements of the district and make annual reports, which must be filed with the clerk and recorded in the drainage record for the information of land owners, as the latter have the right to be informed of the financial condition of the district at all times.

3. SAME—*assessment for a deficiency cannot be levied unless the drainage record shows such deficiency.* While farm drainage commissioners may, in a proper case, levy an additional or supple-. mental assessment, yet the drainage record must show that there is a deficiency which renders the assessment necessary; and it is error, on application for judgment and order of sale for such assessment, to enter judgment and order of sale without a deficiency being shown, and to refuse to allow land owners to prove that there is no deficiency.

APPEAL from the County Court of LaSalle county; the Hon. W. H. HINEBAUGH, Judge, presiding.

R. D. MILLS, and BUTTERS & ARMSTRONG, for appellants.

JAMES J. CONWAY, and HENRY M. KELLY, for appellee.

Per CURIAM: This was an application by the county collector of LaSalle county for judgment and order of sale in the county court of said county against the lands of appellants to satisfy a second additional assessment levied by Drainage District No. 2 of the town of Ophir for the purpose of building bridges and prosecuting an appeal in a certain *mandamus* case in which the drainage district was interested. The appellants appeared and filed objections to judgment and order of sale, and the objections were either overruled or stricken from the files and judgment and order of sale was entered against the lands of appellants to satisfy said assessment, and this appeal followed.

The objections were: (1) That each and every one of the meetings at which the lands in said district were classified and said assessment was levied was held outside the district; (2) that the assessment exceeds the amount of the estimate of the cost of the proposed improvement; (3) that no plans for new or additional work were made prior to the levy of the assessment; (4) that the record does not show any accounts or reports of money collected and dis-

bursed and shows no deficiency of the funds of the district to, complete the improvement; (5) that the assessment is levied to pay an existing debt; (6) that a previous assessment of $1000 had been levied for the purpose of building bridges; (7) that the estimate of the cost of the improvement was $7212, and an original assessment of $9000 and an additional assessment of $1000 had been levied and collected, which is in excess of the estimate; (8) that the funds of the district have been paid out for illegal purposes and no deficiency exists; and (9) that no legal meeting was held to levy the present assessment. Objections Nos. 2, 3, 4, 6, 7 and 8 and part of 1 were stricken from the files and no evidence was allowed to be introduced in support of said objections.

The first proposition argued in the briefs is, that the assessment was void by reason of the fact that the classification of the lands of the district was made outside of the district. This additional assessment is based upon the original classification, and if that classification was made outside of the district it was void and would not support the present assessment. (*Carr* v. *People,* 224 Ill. 160.) The record shows the classification was made by the commissioners at the office of their attorney in the city of Ottawa; that it was filed in the town clerk's office of Ophir township; that a time and place were fixed for hearing objections thereto at the house of one of the objectors, who resided in the district; that due notice was given of the time and place where objections would be heard to the classification; that the commissioners held the meeting in the district at the time and place fixed for hearing objections to the classification, and after a hearing the classification was confirmed. We think this a compliance with the statute and that the original classification was a valid classification.

It is further contended that the appellants were not permitted to show upon the hearing that there was no de-

ficiency of funds with which to complete the improvement and that there was no necessity for the levy of this assessment. The levy of an additional or supplemental assessment proceeds upon the theory that there is not enough money in the hands of the commissioners to pay for completing the improvement and to pay the legitimate expenses incurred by the district in the prosecution of the work for which it was established. The statute requires the commissioners to keep accurate accounts and to make annual reports and that they be filed with the clerk and recorded in the drainage record. While in a proper case an additional or supplemental assessment may be levied by the commissioners, we do not think they should have the right to make such levy unless their drainage record shows there is a deficiency. This was the only opportunity the objectors had to question the propriety of an additional or supplemental levy, (*People* v. *Carr*, 231 Ill. 502,) and we think the court erred in not permitting them to show that there was no necessity for the levy of the present assessment. Had the drainage record been kept in such shape that it would show (as the law requires it should) the total receipts and disbursements of the commissioners it could readily have been determined whether or not an additional or supplemental assessment was necessary, and as it did not show the necessity of an additional or supplemental levy the court should have denied judgment and order of sale. The land owners of a drainage district have the right to be informed as to the financial condition of the district at all times, and they are entitled to be informed upon the subject by the drainage record, which record, as we understand the statute, must show a deficiency of funds before the lands of the district can be taken from the owners of such lands by forced sale to satisfy an additional or supplemental assessment. In the *Carr case* last above cited, on page 506, it was said: "When the law requires records of proceedings to be kept by drainage commissioners, as in this instance,

they are the only lawful evidence of the action to which they refer, and such records cannot be contradicted, added to or supplemented by parol."

The judgment of the county court will be reversed and the cause remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*