(No. 11673.—Judgment affirmed.)
THE PEOPLE, for use of Drainage Commissioners, Appellee, *vs.* A. P. WYLIE, Appellant.

*Opinion filed April 17, 1918—Rehearing denied June 6, 1918.*

1. DRAINAGE—*how orders on treasurer of a drainage district must be signed.* Section 15b of the Farm Drainage act, providing that the treasurer of the district shall pay money only on a written order signed by the chairman and countersigned by the clerk of the board of drainage commissioners, fixes the character of any other payment as illegal and unauthorized although the order is signed by a majority of the commissioners.

2. SAME—*commissioners cannot divert part of assessment to any other purpose than that for which it was levied.* The commissioners of a drainage district cannot divert any part of an assessment to any other purpose than that for which it was levied and the incidental expenses of the levy, and if there are different funds an order can only be payable out of the proper fund.

3. SAME—*when treasurer of district is liable for funds paid out.* The acts of a treasurer of a drainage district are ministerial in the sense that if an order is in due form and drawn upon a fund from which it is apparently payable he has no discretion as to payment unless the fund is insufficient or he has notice that the order is not legally chargeable to the fund, but he is liable if he pays irregular orders known by him to be drawn for claims not authorized by law or for expenditures not within the power of the board.

4. SAME—*when an assessment is not void though judgment and order of sale are reversed.* Objections to a special assessment by different land owners are practically different suits, and where a judgment and order of sale are reversed and the cause remanded as to objectors who appealed, on the ground that they should have been permitted to show that there was no deficiency authorizing the assessment, the assessment is not void and the fund paid in by land owners who did not object is subject to the purposes for which it was levied.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

JAMES J. CONWAY, and HENRY M. KELLY, for appellant.

R. D. MILLS, and BUTTERS & CLARK, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This action of debt was brought in the circuit court of LaSalle county in the name of the People, for the use of the drainage commissioners of Drainage District No. 2 of the town of Ophir, on the bond of the appellant, A. P. Wylie, as the treasurer of the district, against him and John P. Wylie, his surety. On the trial the appellee dismissed the suit as to the surety, and the court directed a verdict, on motion of the appellee, against the appellant for the amount of the bond and $692.22 damages. A verdict was returned and judgment entered accordingly for $3000 debt and $692.22 damages, the debt to be satisfied on payment of the damages and costs of suit. The Appellate Court affirmed the judgment and granted a certificate of importance and an appeal to this court.

The appellant, A. P. Wylie, executed his bond in the sum of $3000 as treasurer of the drainage district, conditioned that he would account faithfully for all money that should come to him by virtue of his office. He received from his predecessor in office $5.58 and $1049.47 on a second additional assessment levied by the district for $1500 for the purpose of building bridges and prosecuting an appeal in a *mandamus* suit to compel certain persons to pay the tax levied against them. He paid out on orders all of the money in his hands except $4.10, which he turned over to his successor, and these payments, together with the amount turned over, constituted his defense. The land owners who did not pay the assessment against their lands, upon an application for judgment and order of sale, filed objections, which were either overruled or stricken from the files and an order of sale was entered against their lands. On appeal to this court it was decided that the sec-

ond additional assessment could not be levied unless the records kept by the board showed that a deficiency existed, and that the court erred in not permitting the land owners to show that there was no deficiency. The judgment was therefore reversed and the cause remanded to the county court. (*People* v. *Adair,* 247 Ill. 398.) The cause was never re-instated in the county court, and whether there was or was not a deficiency has never been determined. The circuit court admitted in evidence orders paid on the cost of bridges and an order for attorney's fees incidental to the assessment, and also credited the $4.10 paid over by the appellant to his successor, $7.20 retained by the county treasurer as commissions for collecting part of the delinquent assessment, and $20.95 commissions as treasurer, making total of credits allowed of $357.25, and counsel for appellant say that the court failed to charge appellant with $5.58 received from his predecessor. The $692.22 for which the court directed a verdict was paid out on orders for other purposes than that for which the assessment was levied.

The district was organized under the Farm Drainage act, which requires the clerk to keep a record of the proceedings of the commissioners and to enter therein all the proceedings, findings and orders of the commissioners. Section 31 provides that the treasurer shall pay out no money excepting upon an order of the majority of the commissioners, and section 15*b* provides as follows: "The said drainage commissioners shall appoint a treasurer, who shall receive all funds of the drainage district, paying the same out only on a written order, signed by the chairman and countersigned by the clerk of the said board of drainage commissioners." None of the orders were signed by the chairman and countersigned by the clerk, as required by that section, but all of them were signed by the appellant, who was himself a commissioner, and nearly all of them by only one other commissioner, a few being signed by the three commissioners.

Counsel for appellant in the argument quote what purports to be section 15*b*, but, certainly without design, leave out the word "only," and out of the section as quoted and section 31 construct an argument that payment of an order signed by a majority of the commissioners is legal and a compliance with the statute. With the omitted word the argument has no basis and is without any force. The provision that the treasurer shall pay money only on a written order signed by the chairman and countersigned by the clerk fixes the character of any other payment as illegal and unauthorized.

The commissioners of a drainage district cannot divert any part of an assessment to any other purpose than that for which it was levied and the incidental expenses of the levy. (*Vandalia Drainage District* v. *Hutchins*, 234 Ill. 31.) If there are different funds an order can only be payable out of the proper fund, and in this case the orders were payable out of any money in the hands of the appellant not otherwise appropriated. There was no other fund than that derived from the second additional assessment except the $5.58 received by the appellant from his predecessor. The money from the assessment was appropriated to the payment of bridges and the incidental expenses of the assessment, and the orders were drawn for other purposes. Being payable out of moneys not otherwise appropriated, the appellant had no right to pay them out of the assessment.

It is argued that the provision of section 15*b* is a mere formality, and the appellant having paid the orders drawn in a different way for amounts that were really due from the district ought to have been credited with their payment. The court gave the appellant credit for every order that was properly payable out of the assessment regardless of the form of the order, but, whether that was right or not, the doctrine invoked could not apply to payments of the orders executed which were not payable out of the fund. The objection to those orders is not merely that they were infor-

mal, but that they could not have been drawn legally against the fund. The acts of a treasurer are ministerial in the sense that if an order is drawn in accordance with the statute from a fund from which it is payable, if there is money in the fund, he has no discretion as to payment unless he has notice that the order is not legally chargeable to the fund, but he may, and should, refuse to pay orders known by him to be drawn for claims not authorized by law or for expenditures not within the power of the board. In this case the appellant participated in the illegal act and knew that the orders were illegally drawn. They were signed by him and directed to himself and were paid out of a fund against which they could not have been drawn, so that the appellant cannot claim exemption upon the ground of the nature of his office.

It is further argued that the assessment being void, the drainage district was not and is not entitled to the money and cannot collect it but the amounts paid by the land owners are due to them. The assessment was not held void but the rule of law was declared that the assessment could not be levied unless the record showed a deficiency, and whether it did or not is still undetermined. Objections to a special assessment by different land owners are practically different suits, and the judgment of the county court was reversed only as to the objectors who appealed to this court, and as to them the cause was remanded. Those who voluntarily paid the assessment, thereby acknowledging its legality, have no right of action against the district or the appellant for the amounts paid by them. It was proved on the trial that there was never any action by the board of drainage commissioners allowing the bills for which the orders were drawn and ordering their payment but they were drawn and paid without any action by the board as such.

No error against the defendant was committed on the trial, and the judgment of the Appellate Court was correct.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*