## West Disinfecting Company, Appellee, v. Harold I. Koppelman et al. Harold I. Koppelman, Appellant.

### Gen. No. 24,990.

1. APPEAL AND ERROR, § 1105*—*when joint appeal is properly dismissed.* Where five persons were adjudged guilty of contempt of court in violating an injunction, a joint appeal by such persons was properly dismissed, as the right of appeal is a statutory right and can only be availed of when allowed by the court, and must then be in conformity with the prayer for appeal and the order of allowance.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

West Disinfecting Co. v. Koppelman, 216 Ill. App. 456.

2. APPEAL AND ERROR, § 683*—*necessity that appellee docket and secure dismissal of separate appeals after dismissal of joint appeal.* Under sections 100 and 101 of the Practice Act (J. & A. ¶¶ 8637, 8638), where separate appeals from an order adjudging a number of persons guilty of contempt in violating an injunction were duly perfected in the trial court, and a joint appeal by all such persons was dismissed as a nullity, such dismissal was ineffective to terminate the separate appeals, and since none of such separate appeals was docketed in the Appellate Court, it was essential that the appellee docket said appeals in the Appellate Court and secure their dismissal.

3. APPEAL AND ERROR, § 1105*—*dismissal of appeals for failure to docket.* Where separate appeals from an order adjudging a number of persons guilty of contempt in violating an injunction were duly perfected in the trial court, but were not docketed in the Appellate Court, such appeals would be dismissed on motion of the appellee, with damages, under sections 100 and 101 of the Practice Act (J. & A. ¶¶ 8637, 8638).

4. COSTS, § 83*—*award of damages on dismissal of appeal.* Under Practice Act, secs. 100, 101 (J. & A. ¶¶ 8637, 8638), as to the dismissal of appeals, the awarding of damages is mandatory, and the discretion of the court is limited to the amount of damages which shall be not less than $50 and not more than $250.

5. APPEAL AND ERROR, § 897*—*when transcript does not comply with statute.* Under section 100 of the Practice Act (J. & A. ¶ 8637), a transcript, in an appeal from an order adjudging a person guilty of contempt in violating an injunction, which transcript contains the original bill of complaint, the summons, the petition for writ of sequestration and attachment for contempt, with affidavits, the order to show cause, the answer of respondents thereto, the judgment order, the appeal bond and affidavits of sureties, the order approving the bond, the *præcipe* and certificate of the clerk of court, does not comply with the statute.

Appeal from the Circuit Court of Cook county; the Hon. KICK-HAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1919. Appeal dismissed. Opinion filed January 30, 1920.

WEST & ECKHART, for appellant.

ROSENTHAL, HAMILL & WORMSER, for appellee; CHARLES H. HAMILL and LEO F. WORMSER, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

On August 28, 1918, the chancellor entered an order adjudging five respondents (Harold I. Koppelman, Jacob L. Brenn, Arthur C. Tretow, Lillian Koppelman and U. S. Sanitary Products Corporation) guilty of contempt of court in violating a certain injunction theretofore issued, and imposing punishment severally upon them. Harold I. Koppelman was sentenced to 60 days in the county jail and fined $500; Brenn was sentenced to 60 days in said jail and fined $50; Tretow was sentenced to 5 days in said jail and fined $50; Lillian Koppelman was fined $300; and the above-named corporation was fined $1,500. A part of the order is as follows:

"The said respondents, and each of them, pray an appeal to the Appellate Court, in and for the First District of Illinois, which is allowed by the court upon the filing of a certificate of evidence within forty-five (45) days and upon the filing of bond by the several respondents, within thirty (30) days from the date hereof, in the following sums, to wit: Harold I. Koppelman, two thousand dollars ($2,000); Jacob L. Brenn, fifteen hundred dollars ($1,500); Arthur C. Tretow, eight hundred dollars ($800); Lillian Koppelman, five hundred dollars ($500), and U. S. Sanitary Products Corporation, twenty-five hundred dollars ($2,500), with sufficient security, respectively, and each of which said bonds shall be approved by the court."

Within the time limited each of the respondents presented an appeal bond, which was approved and filed by an order entered of record on September 3, 1918.

On October 2, 1918 (being within the time limited by the statute) all five of said respondents filed in this court a short transcript of record consisting of a copy of said judgment order of August 28, 1918, and copies of

said five appeal bonds, duly certified by the clerk of the circuit court, to which transcript was attached a *joint* assignment of errors. The joint appeal was here docketed as general number 24,710. On the same day, on motion of the five appellants, an order was entered extending their time to file a complete transcript of the record, and later within the time such complete transcript was filed. On November 4, 1918, the appellee entered its special appearance and filed a motion to dismiss said appeal upon the grounds, (a) that separate appeals instead of a joint appeal should have been prosecuted, and (b) that the short transcript did not show an order approving said appeal bonds. On February 11, 1919, this court sustained the motion and dismissed said joint appeal, No. 24,710. This was proper. "The right of appeal is a statutory right and can only be availed of when allowed by the court, and must then be in conformity with the prayer for appeal and the order of allowance." (*Fortune v. Gilbert*, 207 Ill. 235, 237; *Tedrick v. Wells*, 152 Ill. 214, 217; *Hileman v. Beale*, 115 Ill. 355, 357; *First Congregational Church of Harvard v. Page*, 255 Ill. 267, 268.)

On January 30, 1919 (this court having indicated its purpose to dismiss said joint appeal, No. 24,710), each of the five respondents filed a separate *præcipe* and short record and sued out a writ of error to review said judgment order of August 28, 1918, of the circuit court. These causes were here docketed as Nos. 24,953, 24,954, 24,955, 24,956 and 24,957. On February 11, 1919, each writ of error was made a *supersedeas,* and an order was entered consolidating for hearing causes Nos. 24,954, 24,955, 24,956 and 24,957 with cause No. 24,953 (in which Harold I. Koppelman is plaintiff in error), and that the record, abstracts and briefs, filed in cause No. 24,953, should stand as the record, abstracts and briefs in the other four causes. On the same day, in cause No. 24,710, an order was entered allowing Harold I. Koppelman to withdraw the com-

plete record, theretofore filed in this court, and to file the same in cause No. 24,953, as a return to the writ of error, and this accordingly was done on February 11, 1919.

On February 17, 1919, under the provisions of sections 100 and 101 of the Practice Act (J. & A. ¶¶ 8637, 8638), the West Disinfecting Company filed in this court five written motions to dismiss certain appeals and to enter judgments for statutory damages. One motion was to dismiss the separate appeal of Harold I. Koppelman from the said judgment order of the circuit court of August 28, 1918, and for damages, and was accompanied with printed suggestions. The other four motions had reference to the separate appeals, respectively, of Jacob L. Brenn, Arthur C. Tretow, Lillian Koppelman and U. S. Sanitary Products Corporation, from said judgment order. These motions were docketed in this court as Nos. 24,990, 24,991, 24,992, 24,993 and 24,994. With the motions there were filed five ''short'' transcripts of the record, one in each case, certified to by the clerk of the circuit court, ''according to a certain *præcipe.*'' On March 4, 1919, on motion of Harold I. Koppelman, in case No. 24,990, he was allowed to enter his special appearance and to file counter suggestions to the motion to dismiss his appeal and to assess damages and all five motions were taken under advisement by this court.

It is provided in part in section 100 of the Practice Act (J. & A. ¶ 8637):

''If copies of the records of judgments, orders and decrees appealed from shall not be filed within the time above allowed and appellee shall thereafter file in said Supreme or Appellate Court, as the case may be, the certificates of the clerk of the court, by which such appeal was granted, stating therein the title of the. cause, the date, character and amount of the judgment, order or decree appealed from, against whom the same was rendered, the time when and the conditions, if any,

upon which the appeal was granted, the name of the party taking the appeal, and that the appeal was perfected as required by the order allowing the same, such certificate shall be *prima facie* evidence of the matters therein stated, and shall be a sufficient basis for a motion in the Supreme or Appellate Court to affirm the judgment, order or decree appealed from, or to dismiss the appeal, and the court shall affirm the judgment or dismiss the appeal as for want of prosecution.''

It is provided in section 101 of said Act (J. & A. ¶ 8638):

''When appeals from judgments, orders or decrees for the recovery of money are dismissed by the Supreme or Appellate Court for want of prosecution, or for failing to file authenticated copies of records, as required by law, or are affirmed for either of such causes, the court shall enter judgment against the appellants for not less than five (5) nor more than ten (10) per cent damages on the amount recovered in the trial court or inferior court. If the judgment, order or decree appealed from is not for the recovery of money, the Appellate or Supreme Court, as the case may be, shall, in case of dismissal or affirmance, for either of the causes in this section mentioned, enter judgment for not less than fifty (50) dollars, nor more than two hundred and fifty (250) dollars damages. The appellee shall be entitled to execution thereon as on other judgments.''

Counsel for the West Disinfecting Company contend° that the record in the present case (No. 34,990) discloses that the *separate* appeal of Harold I. Koppelman from said judgment order of August 28, 1918, and the separate appeals of the other four respondents, were duly perfected in the trial court; that the dismissal in this court of said *joint* appeal, No. 24,710, said appeal being a nullity, was ineffective to terminate said separate appeals; that, although each separate appeal allowed by the circuit court was returnable to the October, 1918, term of this court, none of said appeals

have been docketed in this court by said respondents; and that, therefore, it is essential, in order to dispose of said separate appeals, that the West Disinfecting Company docket said appeals in this court and secure their dismissal. We agree with the contention. (Section 100, Practice Act; *Green v. M'Connell,* 1 Ill. (Beecher's Breese) 236; *Reynolds v. Perry,* 11 Ill. 534; *Cook v. Cook,* 104 Ill. 98; *Barnes & Co. v. Chicago Typographical Union,* 232 Ill. 402, 409; *Swafford v. Rosenbloom,* 189 Ill. 392, 393.) And, in our opinion, each of said five separate appeals should be dismissed with damages as provided by section 101 of the Practice Act. We think that under the wording of the statute the awarding of damages is mandatory. (*Chicago Federation of Musicians v. American Musicians' Union,* 234 Ill. 504.) Our discretion is limited to the amount of those damages, which shall be not less than $50, nor more than $250.

Counsel for Harold I. Koppelman, in their counter suggestions here filed, suggest that the five "short" transcripts of record filed with the motions to dismiss are unnecessarily voluminous. We think they are. The transcripts are quite similar, and in the said Koppelman transcript are included copies of (a) the original bill of complaint on which the injunction order (for violation of which the trial court entered the judgment in question) was founded; (b) the summons; (c) the injunction order; (d) the petition for writ of sequestration and attachment for contempt, and affidavits in support thereof; (e) the order to show cause and for the writ of sequestration; (f) the answer of the particular respondent and affidavit in support thereof; (g) the judgment order of August 28, 1918; (h) the appeal bond and affidavits of the sureties thereon; (i) the order approving said bond; (j) the *præcipe,* containing directions to the clerk, and (k) the certificate of the clerk of the circuit court. This is not a proper compliance with the provisions of section 100 of the

Practice Act. All that is necessary for the appellee to file, according to that section, is "the certificate of the clerk of the court, by which such appeal was granted, *stating* therein the title of the cause, the date, character and amount of the judgment, order or decree appealed from, against whom the same was rendered, the time when and the condition, if any, upon which the appeal was granted, the name of the party taking the appeal, and that the appeal was perfected as required by the order allowing the same." In the present cases all the essential facts, certified to by the clerk, are contained in the "short" transcripts, but there is also much unnecessary matter contained therein. And we do not think that Harold I. Koppelman or the other respondents should be severally taxed with the whole cost of the respective transcripts.

The appeal in the present case, No. 24,990, will therefore, on motion of appellee, West Disinfecting Company, be dismissed for want of prosecution with $50 damages, and appellee may recover its costs expended in this court for the docketing of said appeal, and also costs not exceeding $5 for the transcript.

The same order may be entered in cases No. 24,991, 24,992, 24,993, and 24,994.

*Appeal dismissed.*