(No. 13752.—Judgment affirmed.)

FRANK LEGRO *et al.* Appellants, *vs.* THE DRAINAGE COMMISSIONERS OF ASHKUM DRAINAGE DISTRICT NO. 1, Appellees.

*Opinion filed February 15, 1921—Rehearing denied April 8, 1921.*

1. APPEALS AND ERRORS—*when parties cannot unite in joint appeal.* The right to appeal is statutory, and parties having separate and distinct conflicting interests cannot unite in a joint appeal upon a joint bond unless authorized to do so by statute.

2. SAME—*when appeal on joint bond cannot be saved by filing separate bonds.* After a joint appeal on a joint bond has been taken in a case where no joint appeal is allowed by statute the appeal can not be saved by filing new bonds but must be dismissed.

3. DRAINAGE—*section 24 of the Farm Drainage act does not authorize a joint appeal by land owners.* Section 24 of the Farm Drainage act, as amended in 1919, (Laws of 1919, p. 445,) does not authorize land owners to join in an appeal, on a joint bond, from an order of the commissioners confirming the classification of lands, as the object of the provision for the appeal is to enable a land owner to have the classification reviewed as to his own land and not to enable him to complain as to the lands of others.

APPEAL from the County Court of Iroquois county; the Hon. JOHN H. GILLAN, Judge, presiding.

Roscoe C. South, and Stephen C. Malo, for appellants.

A. F. Goodyear, for appellees.

Mr. Justice Farmer delivered the opinion of the court:

This is an appeal from a judgment of the county court of Iroquois county dismissing the appeal of land owners in Ashkum Drainage District No. 1 from the decision of the drainage commissioners re-classifying the lands in the district. The drainage district was organized several years ago under the Farm Drainage act. In July, 1920, the commissioners adopted resolutions providing for additional work at an estimated cost of $17,900 and also decided to make a new classification of the lands in the district. A re-classification was made and a hearing had August 6, 1920, to consider objections to the new classification. On that day a number of land owners appeared and respectively objected to the re-classification of their lands. Their objections were overruled by the commissioners and an order entered by them confirming the re-classification. Within ten days thereafter appellants filed with the clerk of the county court their joint bond in the sum of $500. The condition of the bond recited that a re-classification of the lands in the district had been confirmed, that the principals were not satisfied with the decision and desired to appeal from it, and that they bound themselves to pay any tax lawfully levied against their respective tracts of land and all costs occasioned by the appeal in case the classification should be confirmed. The commissioners entered a limited appearance and filed a motion specifying numerous grounds for the dismissal of the appeal. The county court sustained the motion and dismissed the appeal, and this appeal is prosecuted from the order dismissing the appeal.

One ground of the motion to dismiss the appeal was, that the law did not authorize a joint appeal from the

order of the commissioners confirming the classification; that the rights of the land owners were separate and distinct and conflicting and adverse to one another, and the appeals should have been separate. This question involves the construction of section 24 of the Farm Drainage act as amended in 1919. (Laws of 1919, p. 445.)

The portion of section 24 to be construed is as follows: "Any person appearing and urging objections who is not satisfied with the decision of the commissioners in confirming the classification of the lands, may appeal therefrom within ten days after the order of the commissioners is filed, by filing with the clerk of the county court of the county in which the district was organized, and in which court said appeal shall be tried, a bond with good and sufficient security, to be approved by the clerk or the judge of said court, payable to said drainage district and conditioned for the payment of such tax as may be levied upon the land in question in all costs occasioned by said appeal in case said order of said commissioners shall be affirmed."

The phraseology of that provision as amended in 1919 is slightly different from that of the same provision as it had existed for several years previous, but the change in language does not affect the question here for decision. So far as that question is concerned the two acts are the same.

It does not appear the question here raised has ever been raised or passed upon by this court. The right to appeal from the decision of the commissioners confirming the classification is allowed to "any person" who appears and urges objections to the classification and who is not satisfied with the decision confirming the classification. The object and purpose of the provision was to permit a land owner who thought himself injured by the classification of his land at too high a figure to have that question reviewed. No land owner could appeal from the classification because he thought the land of someone else was not properly classified. (*Shabbona Drainage District* v. *Town of Cornwall*,

281 Ill. 551.) The classification fixes the proportion which the several tracts shall be assessed, and the rights and liabilities of the owners are determined by the classification,— not by spreading the assessment. (*People* v. *Schwank,* 237 Ill. 40; *Cosby* v. *Barnes,* 251 id. 460; *People* v. *LeTempt,* 272 id. 586.) The commissioners are required, as nearly as may be, to classify the lands in the district in forty-acre tracts, designating the tracts receiving the most benefits at 100 and those receiving less benefits at a smaller number denoting their per cent of benefits.

It seems to us that the interests of the different land owners are separate and distinct from each other; and not only that but that they are conflicting, for if the classification of one tract be lowered, it would, or might, make necessary raising the classification of other lands. Under such circumstances we think, in the absence of a statute authorizing a joint appeal, the land owners must prosecute separate appeals. The decision of the commissioners confirming a classification is not the judgment of a court but has the same effect as a judgment of a court confirming a special assessment. The order of the commissioners, unless appealed from, finally fixes and determines the rights and liabilities of the land owner just the same as does the judgment of a court confirming a special assessment. We have held objections to special assessments by different land owners are practically different suits, (*People* v. *Wylie,* 283 Ill. 515,) and it appears to have been the view and understanding of the legislature that land owners could not prosecute a joint appeal from a judgment of confirmation unless expressly so authorized by statute. The Local Improvement act expressly authorizes a joint appeal upon a joint bond or separate appeals upon separate bonds. The right to appeal is statutory, and parties having separate and distinct conflicting interests cannot unite in a joint appeal upon a joint bond unless authorized by the statute to do so. Whether the appeal be joint or several in cases of this

character, the complaint of each land owner must be heard as to the correctness of the classification of his particular land. For convenience the appeals may be all heard at one time and the classification may be confirmed as to one tract and altered as to another, but the county court is limited to confirming or changing the classification only of the land owned by the respective parties appealing. (*People v. Jonkman,* 266 Ill. 229.) The general rule, as we understand it, is, that parties having separate, distinct and conflicting interests should prosecute separate appeals unless otherwise expressly authorized by statute. If a joint appeal is not authorized by section 24 referred to, we are of opinion a joint appeal was not permissible. We find no language in the provision above quoted warranting the construction that a joint appeal was intended to be authorized.

Appellants entered a motion for leave to file an amended bond, which the court overruled, and they contend that if the appeal was not proper the filing of the joint bond showed an intention to appeal, and the court erred in not allowing them to amend. In *First Congregational Church v. Page,* 255 Ill. 267, it was held that where a joint appeal is allowed and an appeal bond is signed by only one of the appellants it cannot be remedied by filing a new bond signed by all the appellants but the appeal must be dismissed. The converse of that proposition must also be true. Whether the terms of appeal are fixed by order of the court or by statute, the order or statute must be strictly complied with. Here the right of appeal is fixed and governed by the statute and unless perfected in the manner required by the statute must be dismissed.

The judgment is affirmed.           *Judgment affirmed.*