## Belleville Enameling and Stamping Company et al., Appellees, v. Edward Carbine et al., Appellants.

1. APPEAL AND ERROR—*impropriety of joint appeal from separate judgments after allowance of separate appeals therefrom.* After separate appeals from judgments for contempt of injunctions have been allowed by the trial court, appellants cannot file a single transcript and joint assignment of errors and perfect a joint appeal from the separate judgments, and such attempted appeal will be dismissed.

2. APPEAL AND ERROR—*when motion to consolidate separate appeals denied.* The Appellate Court will deny a motion to consolidate separate appeals, not containing transcripts and assignments, with an appeal containing full transcript and assignments but dismissed as improperly seeking to bring up separate judgments of the trial court for review by one appeal.

3. APPEAL AND ERROR—*when application to file complete transcript in place of incomplete one denied because too late.* Under Cahill's St. ch. 110, ¶ 100, providing an extension of time for filing transcripts shall be asked before the second day of the term, the court cannot grant an extension of time to file a complete transcript in place of an incomplete one, after that time.

4. APPEAL AND ERROR—*procedure for procuring dismissal of appeals filed without transcripts or assignments.* Under Cahill's St. ch. 110, ¶ 100, providing the method for dismissing appeals, either party may have appeals, filed without transcripts or assignments, dismissed on filing a short record with each appeal.

5. APPEAL AND ERROR—*procedure for procuring review of separate judgments after dismissal of appeals therefrom defective for lack of transcripts and assignments of error.* After appeals from judgments for contempt of injunctions are dismissed as defective for lack of transcripts and assignments of errors in each appeal, each appellant may sue out a writ of error from the Appellate Court and move the court for a consolidation and hearing upon the complete transcript made by one appellant and the assignments of errors made by each.

Belleville Enameling & Stamping Co. v. Carbine, 244 Ill. App. 234.

Appeal by defendants from the Circuit Court of St. Clair county; the Hon. George A. Crow, Judge, presiding. Heard in this court at the March term, 1927. Appeal in term No. 46 dismissed. Opinion filed April 6, 1927.

James O. Miller and W. T. McDonald, for appellants.

Farmer & Klingel, for appellees.

Per Curiam.

The Belleville Enameling and Stamping Company filed a bill in chancery and procured an injunction. The other appellee filed another suit in which an injunction was issued. Upon a showing made to the court several persons were cited for contempt for alleged violations of said injunctions and the causes were consolidated for a hearing in that regard. The court found Edward Carbine and 27 other persons guilty of contempt of court in violating the said injunctions and imposed a separate punishment upon each of them. Separate appeals were prayed and allowed. Separate appeal bonds in the amounts required by the court were filed and approved within the time allowed therefor.

Prior to the first day of the present term of this court, appellants filed, in term No. 46, a single transcript of the record, containing copies of the 28 appeal bonds, to which transcript was attached a joint assignment of errors by all of the appellants. In term No. 46, appellants have attempted to perfect a joint appeal from several judgments although separate appeals were prayed and allowed by the trial court. This joint appeal is improper and the same is dismissed. *West Disinfecting Co. v. Koppelman,* 216 Ill. App. 456. Two separate judgments, decrees, or orders cannot be brought up for appellate review by one writ of error or one appeal. 3 C. J. 355.

On the second day of this term appellants filed a short record in term No. 47 and a certified copy of the

236    APPELLATE COURTS OF ILLINOIS.

Belleville Enameling & Stamping Co. v. Carbine, 244 Ill. App. 234.

appeal bond, and nothing more, in each of the cases, Nos. 48 to 73 both inclusive. They then moved the court to consolidate No. 47 to 73 with cause No. 46 and to hear all of the appeals upon the transcript, abstract and briefs to be filed in the latter case. Cause No. 46 must be dismissed for the reason above stated. The motion to consolidate, etc., must be denied because there is no longer any cause No. 46 pending in this court. If an extension of time for the filing of a complete transcript in No. 47 had been requested not later than the second day of this term, it could have been allowed, but we are now without authority to extend the time. Practice Act, sec. 100, Cahill's St. ch. 110, ¶ 100.

Term Nos. 47 to 73, both inclusive, are still pending in this court, and either party may have the appeals dismissed on filing a short record in each case, except No. 47, in which such a record is already filed, in accordance with the provisions of section 100 of the Practice Act. As to what is a proper short record in such cases, see *West Disinfecting Co. v. Koppelman, supra.*

We regret that the cases have not been presented in such a way as to permit us to consider them upon their merits. When the pending appeals have been disposed of, writ of error may be sued out of this court by each of the present appellants and if one of them files herein a complete transcript of the record with an assignment of errors in his own behalf, and each of the others should file a short record, each attaching thereto his assignment of errors, it will then be in order to move the court for a consolidation and for a hearing upon the transcript, abstract and briefs submitted in the completed case as was done in *West Disinfecting Co. v. Koppelman,* 216 Ill. App. 438 and other cases. Leave is granted to appellants to withdraw the transcript of record in term No. 46 if they so desire.

*Appeal in term No. 46 dismissed.*