THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MORRIS MAHAN *et al.* Plaintiffs in Error.

*Opinion filed February 24, 1928.*

1. CRIMINAL LAW—*when causes cannot be consolidated for review.* Where there is no joint offense, no joint charge, no joint liability and no joint judgment there can be no joint review, and where final judgments have been rendered in two separate prosecutions of two different defendants for separate, independent and distinct offenses having no connection with one another, an order for the consolidation of the two causes, so as to enable the defendants to join in one writ of error, is of no effect.

2. APPEALS AND ERRORS—*there can be no joint review of actions which have not been consolidated.* Neither the common law nor the statutes make any provision for the review of separate judgments against different defendants for distinct offenses in a single writ of error, and separate actions which have not been consolidated in the trial court cannot be brought to the Supreme Court for review by a single appeal or writ of error or included in a single transcript; and the rule cannot be obviated by any stipulation between the parties or their counsel.

WRIT OF ERROR to the County Court of Winnebago county; the Hon. FRED E. CARPENTER, Judge, presiding.

NORTH, LINSCOTT, GIBBONEY & NORTH, (HARRY B. NORTH, and JEROME F. DIXON, of counsel,) for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, and ROY D. JOHNSON, (ALFRED B. LOUISON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

On September 26, 1927, an information was filed in the county court of Winnebago county charging Morris Mahan with unlawfully carrying a concealed weapon. The defendant appeared, waived a jury trial, pleaded guilty, and was

sentenced to six months' confinement on the Illinois State farm, at Vandalia. On September 30 he entered a motion to vacate the sentence, which was continued until October 3, and on the latter day the motion was denied. The cause was given a number, 7812. Another information in the identical language, except for the name of the defendant, was filed on the same day, September 26, 1927, against George Bliss, identical proceedings were had against him, and he was sentenced to six months' confinement on the Illinois State farm, at Vandalia. He made the same motion to vacate on September 30, and on October 3 his motion was denied. His case was No. 7813. On October 10 a motion was made in both cases that they be consolidated as No. 7813, the State's attorney joining in the motion; that the information in the consolidated cause, for the purpose of a writ of error, only, stand as the information against both the defendants for the purpose of obviating the necessity of making two records on writ of error to the Supreme Court, and that all motions, judgments and orders be entered in the consolidated cause the same as if said information had been filed against the defendants jointly. The court made an order that the cause be consolidated and heard and determined in the same manner as though both defendants had been named in the original information as defendants therein, and all motions, judgments and orders should be made and entered and be binding the same as if both defendants had been named as defendants in said information. The defendants sued out a single writ of error, as a return to which the clerk of the county court certified a transcript of all the proceedings in both cases, certifying that "I have compared the foregoing copy of the record of county court proceedings in cause Nos. 7812 and 7813, wherein the People of the State of Illinois are plaintiff and Morris Mahan and George Bliss are defendants, as asked for in *præcipe* for record hereinbefore attached with the original record thereof now remaining in my office, and

have found the same to be a correct transcript therefrom and of the whole of such original record." The cause has been submitted for decision on briefs filed by both parties, the errors assigned being that the act of June 27, 1923, in relation to the Illinois State farm (the act under which the plaintiffs in error were sentenced) is in violation of the provisions of section 13 of article 4 of the constitution that no act shall embrace more than one subject and that shall be expressed in the title, and that no law shall be revived or amended with reference to its title only, but the law revived or the section amended shall be inserted at length in the new act.

The order for the consolidation of the two causes was of no effect. Final judgment had been rendered in both causes, and the judgments were not affected by the attempted consolidation. The offenses charged were separate, independent and distinct, having no connection with one another. There was no joint offense, no joint charge, no joint liability, no joint judgment, and there can be no joint review. Several actions which have not been consolidated in the trial court cannot be brought to the Supreme Court for review by a single appeal or writ of error or included in a single transcript, and the rule cannot be obviated by any stipulation between the parties or their counsel. (*Mobile Improvement and Building Co.* v. *Stein,* 158 Ala. 113; *Cauley* v. *Pittsburgh, Fort Wayne and Chicago Railroad Co.* 95 Pa. St. 398; *Rich* v. *Starbuck,* 45 Ind. 310; *Erwin* v. *Ennis,* 104 Ga. 861.) In *Brown* v. *Spofford,* 95 U. S. 474, two judgments between the same parties were removed into the Supreme Court by one writ of error. No objection to this proceeding being made by either party, the court proceeded to review the record. Referring to the inclusion of both cases in one writ of error, though the causes were not consolidated, it said that such proceedings were palpably irregular, but inasmuch as no objection was made by either party the court decided to exercise jurisdiction and to dis-

pose of the controversy. We do not, however, regard the right of review in this manner as dependent on the discretion of the court. The practice of the common law in regard to the appellate review of trial courts by writ of error is well established. It makes no provision for the review of separate judgments against different defendants for distinct offenses in a single writ of error. No statute has conferred such right. To recognize agreements of litigants to present for review in a single transcript different judgments for separate and distinct causes of action or offenses would be to introduce a change in the law and to authorize the establishment by such agreements of rules of procedure in this court which would lead to great confusion. In *Hall* v. *Royal Neighbors,* 231 Ill. 185, the transcript of the record brought from the Appellate Court on appeal, the assignment of errors and the briefs and arguments of counsel covered two separate cases, one an action of assumpsit on a benefit certificate in the county court, affirmed in the Appellate Court, and the other a petition presented to the Appellate Court for a writ of *mandamus* requiring the judge of the trial court to sign an amendment to the bill of exceptions in the assumpsit case. The court denied leave to file the petition for the writ of *mandamus* and affirmed the judgment of the trial court. The opinion of this court held that the law did not provide for a composite appeal or a medley of different suits, but, regarding the appeal as taken from the judgment of the Appellate Court affirming the judgment of the county court, proceeded to consider that case and affirmed the judgment of the Appellate Court affirming the judgment of the county court. In *Kennedy* v. *Court of Honor,* 234 Ill. 43, a case presenting a similar situation, in which the Appellate Court entered an order allowing one appeal from both judgments, the court held that there was no provision authorizing a party to prosecute one appeal from two separate judgments against him, citing

*Hall* v. *Royal Neighbors, supra,* that the law does not provide for composite appeals, and the motion of the appellee to dismiss the appeal was allowed.

The writ will be dismissed.   , *Writ dismissed.*