William Metz, et al., Plaintiffs-Appellees, v. Dwight H. Doss, et al., Defendants-Appellants.

Alice Gray, Plaintiff-Appellee, v. Welby Walden, et al., Defendants-Appellants.

Alice Gray, et al., Plaintiffs-Appellees, v. Burdett Manning, et al., Defendants-Appellants.

Alice Gray, et al., Plaintiffs-Appellees, v. Burdett Manning, et al., Defendants-Appellants.

Alice Gray, et al., Plaintiffs-Appellees, v. Dwight H. Doss, et al., Defendants-Appellants.

Lawrence W. Phillips, et al., Plaintiffs-Appellees, v. Hiram M. Weber, et al., Defendants-Appellants.

Virgil Walmsley, et al., Plaintiffs-Appellees, v. Fred Zeisler, et al., Defendants-Appellants.

Gen. No. 10,930.

Fourth District.

October 28, 1969.

Rehearing denied December 1, 1969.

Pree & Pree, and Lucas & Lucas, of Springfield (Edward G. Pree, of counsel), and Grigsby & Irving, of Pittsfield, for appellants.

Thomas Sweeney, Sweeney & Sweeney, of Taylorville, and Paul F. Grote, of Pittsfield, for appellees.

CREBS, J.

Plaintiffs brought suits to compel the release of record of certain oil and gas leases. The trial court granted plaintiffs' motions for summary judgments.

■ Our first consideration is a motion to dismiss the appeals in six of the seven cases on the grounds that they were improperly consolidated on appeal. This motion has been taken with the case. The seven cases were filed as separate suits and so handled by the trial court. Because the issues were similar, appellants on their own motion, without leave of court, attempted to consolidate the seven cases. This is not proper. As a result of the attempted consolidation, the record on appeal is only a record of the first case; it does not even contain the judgments in six of the cases. We cannot pass on the validity of judgments which are not before us. The mo-

tion of appellees to dismiss the appeal in all cases except Metz, et al. v. Doss, et al., 65–C–107, is granted.

In the Metz case the facts, generally, are not in dispute. The lease was dated July 29, 1956. It provided for a primary term of one year "and as long thereafter as oil or gas, or either of them, is produced from said land by lessee." A well was drilled within the primary term and gas was encountered. Lessors used free gas from the well under the terms of the free gas clause in the lease. There was no commercial production of gas from the lease at any time. Lessees attempted to develop the area as a gas storage reservoir and took leases for that purpose. Plaintiffs originally sought to cancel the gas storage leases but this part of their complaint was stricken on plaintiffs' motion. The complaint in the Metz case was filed September 30, 1965, and sought relief under section 40, chapter 80, Ill Rev Stats 1965.

In their motion for summary judgment, supported by affidavits, plaintiffs made out a prima facie case for the relief sought; hence, our only question is whether or not defendants raised a triable issue of fact in their answer and counteraffidavits. The pleadings are too voluminous to be set forth here. Basically, they contained two contentions, by way of defense. First, because of defendants' expenditure of large sums of money and a great deal of time in trying to develop the area as a gas storage reservoir, defendants were entitled to equitable relief; and second, the furnishing of free gas constituted production and kept the lease alive by its terms.

During the primary terms of the various leases involved in these suits a considerable amount was spent drilling wells. These wells had at the time suit was filed been shut in for a period of approximately eight years. In view of the length of time involved it necessarily appears that either the wells did not encounter gas in commercial quantities, or the operators were not diligent in their

efforts to market the gas. Neither of these alternatives gives a basis for equitable relief to lessees. Also, the efforts to develop a gas storage reservoir are not in furtherance of the objectives of a lease for the production of gas.

While there are some cases where, contrary to the general rule, equitable relief has been granted (Summers, "The Law of Oil & Gas," Vol 2, Sections 298, 299), we find that this record does not show conditions or circumstances that compel equitable relief.

On the questions of whether or not furnishing free gas for domestic use on the premises constitutes production so as to keep the lease in force after the primary term, no cases directly in point have been cited to us by counsel. The purpose of an oil and gas lease is to obtain production. Unless lessee obtains production, he cannot recover his drilling expense. Lessor depends upon production for receipt of the royalty provided in the lease. This purpose can only be accomplished if the production which can keep the lease effective for an indefinite future period is production in the ordinary sense of the term, and hence results in royalties to the lessor.

From a reading of the entire instrument it is evident that the royalty provision is a primary matter, while the provision for free gas, like the provision for burying lines below plow depth, is a secondary matter. Nor does the acceptance of free gas constitute an estoppel. Under the terms of the lease, lessor was entitled to free gas and to have the lease terminate at the end of the primary term unless there was production. These rights are not in the alternative.

The trial court's findings in these matters being correct, no genuine issue as to any material fact was left for a jury to pass upon. In such a situation entry of summary judgment is proper.

Numerous other contentions have been raised on this appeal by appellants. The proper content of the record on appeal is in dispute, largely as a result of the death of the trial judge before the record was settled. However, even if we accepted appellants' views in this regard, there would still be no showing of reversible error. Appellants also contend that there was a failure of plaintiffs to prove certain allegations in their complaint. These allegations we find are immaterial to the cause of action. We have considered these and other contentions and find them without merit and not of general interest, so we do not include them in this opinion.

That part of the Judgment Order entered May 10, 1967, in the case of Wm. Metz, et al. v. Dwight H. Doss, et al., No. 65–C–107 which purports to cancel the gas storage lease and the assignments thereof is reversed and vacated since the references to the gas storage lease in the complaint had previously been stricken on Plaintiff's motion. Therefore, there were no findings to support that part of the Order.

Except as thus provided, the judgment is affirmed.

Appeal dismissed in the cases of Gray v. Walden, et al., Gray, et al. v. Manning, et al., Gray, et al. v. Manning, et al., Gray v. Doss, et al., Phillips, et al. v. Weber, et al., and Walmsley, et al. v. Zeisler, et al.

TRAPP, P. J. and CRAVEN, J., concur.