CHICAGO TRANSIT AUTHORITY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Ronald Seno, Appellee).

First District (Industrial Commission Division)   No. 1—91—3690WC

Opinion filed October 30, 1992.—Rehearing denied December 16, 1992.

Bruce J. Talaga, of Chicago Transit Authority, of Chicago, for appellant.

Joseph A. Vitell & Associates, Ltd., of Chicago (Joseph A. Vitell and Edward Spitz, of counsel), for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff filed separate applications for adjustment of claim against respondent for two different injuries. Although a single arbitration hearing was held, both the arbitrator and the Industrial Commission (Commission) issued separate written decisions in each case. Respondent, nevertheless, sought review by filing a single request for issuance of summons in the circuit court incorporating both Commission proceedings. On claimant's motion, the circuit court dismissed the entire cause for lack of subject-matter jurisdiction, concluding that respondent had to file separate requests for issuance of summons for each individual Commission decision. Respondent appeals.

The facts are not in dispute. Claimant sought benefits for two separate injuries by filing two separate applications of adjustment of claim against respondent. An arbitration hearing was held on both claims wherein the arbitrator noted at the outset that "these cases are consolidated for the purposes of file [sic]." Following arbitration, separate memorandums of decision were issued in each case. Claimant sought further review in the Commission by filing separate petitions for review and the Commission ultimately issued separate decisions on each case on the same date. Respondent then sought review in the circuit court by filing a single request for summons incorporating both Commission case numbers and requesting that the circuit clerk issue a single summons to the appropriate parties.

Claimant filed a motion to dismiss contending that respondent was required to file separate and distinct petitions for review for each case and the failure to do so deprived the circuit court of subject-matter jurisdiction. By separate motion, respondent argued that the cases were properly consolidated and only a single request for summons was required. Alternatively, respondent requested that the court sever the two Commission cases, dismiss one of them, and then allow review to proceed on the remaining case.

The circuit court, however, found that the filing of a single request for summons was improper and since only one request for judicial review was filed, it was impossible to determine which of the two cases could properly be reviewed. Accordingly, the entire case was dismissed for want of subject-matter jurisdiction.

The question before us is whether, as a matter of law, a party is prohibited from filing a single request for summons to review more than one Commission decision when the Commission cases have not been formally consolidated prior to the time review in the circuit

court is sought. In dismissing the case, the circuit court found that section 19(f) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(f)) did not permit the filing of a joint request for summons. In support, the court relied upon a line of older authority suggesting that it is improper to attempt to appeal separate judgments by means of a single notice of appeal.

There is authority which states that two separate judgments, decrees, or orders cannot be brought for appellate review upon one writ of error or one appeal. (See *Belleville Enameling & Stamping Co. v. Carbine* (1927), 244 Ill. App. 234; *Metz v. Doss* (1969), 114 Ill. App. 2d 195, 252 N.E.2d 410; 3 C.J. *Appeal & Error* §109, at 355 (1915).) The genesis of this rule is apparently the common law. Our supreme court long ago stated:

> "The practice of the common law in regard to the appellate review of trial courts by writ of error is well established. It makes no provision for the review of separate judgments against different defendants for distinct offenses in a single writ of error. No statute has conferred such right. To recognize agreements of litigants to present for review in a single transcript different judgments for separate and distinct causes of action or offenses would be to introduce a change in the law and to authorize the establishment by such agreements of rules of procedure in this court which would lead to great confusion." *People v. Mahan* (1928), 329 Ill. 217, 220, 160 N.E. 134, 135.

Despite the rule, the supreme court had occasion to revisit this issue over three decades later in the case of *People v. De Cola* (1959), 15 Ill. 2d 527, 155 N.E.2d 622. In that case, defendant was convicted and sentenced on three separate indictments for unrelated offenses. By a single writ of error, he sought to reverse the judgment of conviction in all three cases. Noting that "orthodox procedure" permitted only the judgment of a single case to be reviewed upon a single writ of error, the supreme court, nevertheless, agreed to review all three convictions in the same appeal. In commenting on this question, Justice Schaefer observed:

> "If the three judgments were before the court upon separate writs of error, efficient and economical judicial administration would dictate that they be consolidated for hearing and disposition. The State has not objected to the method by which the judgments were brought on for review. No useful purpose would be served by requiring that the same records that are now before the court in all three cases be brought here again in

another form. For these reasons, and without intending to indicate a general relaxation of the usual rule, we have decided to consider the three cases on this writ of error." *De Cola*, 15 Ill. 2d at 529, 155 N.E.2d at 623.

See also *People v. Davis* (1965), 33 Ill. 2d 134, 210 N.E.2d 530 (reaching the same result).

■ Consideration of this older authority leads to the conclusion that the common law procedural rule obstensibly prohibiting the unilateral consideration of separate judgments in a single appeal does not implicate subject-matter jurisdiction at the appellate or supreme court level and may be relaxed in the interest of judicial efficiency and economy or, presumably, when there is no prejudice to the parties. We also note that the rule described in *Mahan* applied to an attempted review of separate judgments against different defendants, which is not the case here. In addition, common law pleading is no longer part of the procedural jurisprudence in Illinois. We also observe that, generally speaking, the Code of Civil Procedure (see Ill. Rev. Stat. 1991, ch. 110, par. 1—101 *et seq.*) and supreme court rules do not apply to workers' compensation cases. *Chambers v. Industrial Comm'n* (1985), 132 Ill. App. 3d 891, 893, 478 N.E.2d 498, 499.

■ While we do not find the authority upon which claimant relies controlling, the question remains whether the procedure employed by respondent in this case was sufficient to confer subject-matter jurisdiction upon the circuit court. The general rule is that a circuit court's jurisdiction to review a decision of the Commission is a special statutory power. (*Daugherty v. Industrial Comm'n* (1983), 99 Ill. 2d 1, 5, 457 N.E.2d 381, 383.) While circuit courts are courts of general jurisdiction and enjoy a presumption of subject-matter jurisdiction, this presumption is not available in compensation cases. Strict compliance with the statutory requirements for the issuance of summons must affirmatively appear in the record. *Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 508, 451 N.E.2d 866, 867.

Section 19(f)(1) of the Act requires that "[a] proceeding for review shall be commenced within 20 days of the receipt of notice of the decision of the Commission." (Ill. Rev. Stat. 1991, ch. 48, par. 138.19(f)(1).) Claimant observes that the statute speaks of taking a review from a *decision* of the Commission which is used in its singular form. From this claimant argues that the statute does not permit the unilateral consolidation of multiple Commission decisions into a single request or summons. As a matter of "orthodox" procedure claimant appears to be correct. The supreme court has stated that there can be no joint appeal unless authorized by statute. (*Legro v. Drainage Com-*

*missioners of Ashkum Drainage District No. 1* (1921), 297 Ill. 155, 130 N.E. 369.) Nevertheless, claimant makes no allegation that he has suffered any prejudice due to the filing of a single request for review of these two cases especially when, as here, they involve the same parties and were subject to a single arbitration hearing which produced a single transcript of proceedings.

Although respondent contends that the cases were actually consolidated before the Commission, the record does not support this contention. Although a single arbitration hearing was held on these separate claims, both the arbitrator and Commission issued separate decisions and no motion to consolidate the cases for all purposes was ever filed. While the Commission had the authority to consolidate the cases had such a request been made (see *Black Hawk Motor Transit Co. v. Illinois Commerce Comm'n* (1943), 383 Ill. 57, 48 N.E.2d 341), the plain fact is that the Commission did not do so.

In substance, it is claimant's contention that since section 19(f) does not specifically indicate it is possible to consolidate two separate matters into a single request for review in the circuit court, the unilateral attempt to do so does not strictly comply with the Act. Citing the lack of any prejudice, respondent contends that it has substantially complied with the requirements of section 19(f) of the Act.

The supreme court has indicated that in limited circumstances, substantial compliance is sufficient to invoke the circuit court's jurisdiction. In *Bethlehem Steel Corp. v. Industrial Comm'n* (1968), 41 Ill. 2d 40, 241 N.E.2d 444, the supreme court found substantial compliance even though the *praecipe* prepared by respondent failed to mention the name of the firm of the attorneys of record for claimant. The error was excused because an attorney appeared on behalf of the firm prior to oral argument before the Commission and did not deny that service was properly made upon him or that he conducted proceedings as an agent of the law firm and on behalf of claimant before both the Commission and the circuit court.

Similar results have obtained in *Chambers v. Industrial Comm'n* (1991), 213 Ill. App. 3d 1, 571 N.E.2d 1001 (request for summons failed to designate a return date and did not include the name of the attorney of record and the addresses of the parties in interest), *Chadwick v. Industrial Comm'n* (1987), 154 Ill. App. 3d 859, 507 N.E.2d 878 (*praecipe* failed to include party address although address was stated on certificate of mailing), and *Advance Transportation Co. v. Industrial Comm'n* (1990), 202 Ill. App. 3d 449, 559 N.E.2d 1038 (request for summons failed to designate a return date sufficient in the absence of prejudice).

Substantial compliance has not been shown to exist, however, when the offending party has omitted some essential step in the review process. *Whitmer v. Industrial Comm'n* (1989), 187 Ill. App. 3d 409, 549 N.E.2d 353 (party failed to file a written request for summons); *Daugherty*, 99 Ill. 2d 1, 457 N.E.2d 381 (claimant failed to name all parties in interest); *Arrington*, 96 Ill. 2d 505, 451 N.E.2d 866 (party failed to prove payment of the probable cost of the record as a prerequisite to issuance of summons).

■ We conclude that the facts of this case more nearly resemble the line of authority represented by the decision in *Bethlehem Steel Corp.* In this case, respondent did not completely omit some requirement of section 19(f) of the Act. At worst, respondent complied imperfectly by filing a single request for summons instead of two requests. In addition, as stated heretofore, the section 19(f) request involved the same claimant, the same employer, consolidated hearings before the arbitrator and Commission, and one transcript.

Although we conclude that substantial compliance was demonstrated under the facts of this case, we caution that our decision should not be interpreted as establishing a blanket rule permitting the unilateral consolidation of multiple Commission cases into a single petition for review. We have no difficulty in envisioning certain instances in which this practice could result in unwarranted prejudice to one or more of the parties defending the claim in the circuit court.

The single request for summons substantially complied with the requirements of section 19(f) and for that reason we reverse the judgment of the circuit court of Cook County dismissing the cause for lack of subject-matter jurisdiction. The case is remanded for hearing on the merits of the appeal.

Reversed and remanded.

RAKOWSKI, WOODWARD, STOUDER, and H. LEWIS, JJ., concur.