ROBERT ALLEN STREIT, appellant, v. PERCY A. LAINSON, warden, Iowa State Penitentiary, appellee.

No. 49391.

(Reported in 88 N.W.2d 638)

MARCH 11, 1958.

REHEARING DENIED APRIL 11, 1958.

Robert Allen Streit, pro se.

Norman A. Erbe, Attorney General, Raphael R. R. Dvorak, First Assistant Attorney General, Freeman H. Forrest, Assistant Attorney General, and Johnson & Phelan, of Fort Madison, for appellee.

LARSON, J.—Robert Allen Streit, pro se, petitioned the Lee County District Court for a writ of habeas corpus claiming that he was illegally restrained of his liberty in the State Penitentiary at Fort Madison, Iowa. A writ was issued returnable October 15, 1957. In his answer the warden stated he was holding Streit under a judgment of conviction and mittimus issued by the District Court of Fayette County, Iowa, that the judgment was entered upon a plea of guilty to the crime of entering a bank with intent to rob the bank in violation of section 708.9 of the 1954 Code of Iowa. Following the hearing on October 15 the district court entered an order October 17, 1957, rescinding and withdrawing the writ, denying appellant's petition, and remanding him to the custody of the warden.

In this appeal appellant presents only one issue, which he calls a "deprivation of constitutional rights in a criminal case."

It is his contention that he has been deprived of his right to appeal his conviction in Fayette County by a state prison employee, who he says was authorized to accept letters or documents from prisoners for mailing, but who in fact failed and neglected to mail a letter or document for him addressed to an attorney at Council Bluffs, Iowa. The record is inadequate. He states, and we assume testified, that, "On or about the 15th of March, 1957, petitioner had a letter notarized by the Notary Public, Mr. Johnston, who is employed by the Iowa State Prison. This letter contained information of illegal procedure during petitioner's arraignment, and requested that a motion for a new trial be submitted to the District Court in and for Fayette County, Iowa. If such motion was denied, notice was to be given to the court that an appeal would be made to the Supreme Court of Iowa. This letter was addressed to Attorney Thomas Tacy, at Council Bluffs, Iowa, who the petitioner has known for some time. That letter was never received by Mr. Tacy."

He further stated, "As this court is probably aware of the censoring of all mail sent and received by prisoners in this institution, it is impossible to swear to the fact that the letter ever left this institution, and if it did, there is no way petitioner can prove or disprove that the contents were intact when it was mailed. Had this letter been received by Mr. Tacy, he has informed me he would have acted in my behalf as requested."

Appellant then said, "Petitioner has reason to believe that the notarized document was never sent to Mr. Tacy, *but as yet cannot prove in court facts to substantiate that claim.* * * * It is possible that the document petitioner had notarized by Mr. Johnston, and was required to leave in his possession to be mailed, *might* have been purposefully mislaid or destroyed, to deny petitioner constitutional rights of appeal. Petitioner had no knowledge of the fact that Mr. Tacy had not received the letter he had been sent, until after the 60-day filing period had passed, therefore, was barred from appeal." (Emphasis supplied.)

I. An appeal in a criminal proceeding in this state may be taken and perfected by the party or his attorney as provided in chapter 793 of the Code. Section 793.4, Code, 1954, provides:

"An appeal is taken and perfected *by the party or his attorney* serving on the adverse party or his attorney of record in the district court at the time of the rendition of the judgment, a notice in writing of the taking of the appeal, and filing the same with such clerk, with evidence of service thereof indorsed thereon or annexed thereto." (Emphasis supplied.)

Section 793.2 provides that an appeal can only be taken from the final judgment, and within sixty days thereafter, and section 793.1 provides that the mode of review in the supreme court of a decision of the district court in a criminal case is by appeal. Therefore in the case at bar, in order to have his conviction reviewed by the supreme court, he or his attorney was required to take and perfect an appeal in the manner prescribed in section 793.4 within a period of sixty days from the final judgment. Admittedly, this was not done.

II. The primary question is, Was there any showing or sufficient showing of relevant delinquency on the part of the state employee? It may well be that if sufficient proof was produced as to that fact, petitioner's constitutional rights would be violated and under the latest decisions of our United States Supreme Court there would be a denial of due process. On the other hand, if the proof was insufficient, the appellant must fail. In Sewell v. Lainson, 244 Iowa 555, 566, 57 N.W.2d 556, 563, we said, in reference to the right of appeal as provided by statute, that such right "is substantial, and an accused may not be deprived thereof by duress, coercion, fraud or trickery or by any other act or failure to act upon the part of the state which unfairly denies him his appeal", citing Boykin v. Huff, 73 App. D. C. 378, 121 F.2d 865; Cochran v. Kansas, 316 U. S. 255, 62 S. Ct. 1068, 86 L. Ed. 1453.

The record sets out no testimony and discloses no proof or offer of proof that the prison warden or any of the state employees destroyed or failed to mail the correspondence addressed to an attorney entrusted to them by the petitioner. With the exception of his own statement, there was no showing such a letter was written or delivered to the state employee, and no showing such a letter had not been received by the attorney. Only by mere speculation could it be said that the state employee

was at fault or to be blamed for its delivery failure. There can be no inference of misconduct here.

III. It is the burden of one seeking his release from custody by habeas corpus, on the ground that he has been deprived of his right of appeal in violation of the Constitution, to show that he was so deprived by clear and convincing evidence. Bissell v. Amrine, 159 Kan. 358, 155 P.2d 413; Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461, 146 A. L. R. 357; 25 Am. Jur., Habeas Corpus, section 49.5, pages 179, 180, 1957 Supplement. The statement in the Supplement is:

"In order to show deprivation of the right to appeal, assuming that a successful showing might become remediable in habeas corpus proceedings, it must be made to appear that specific wrongful statements or conduct, enforcement of arbitrary rules or enforcement of the law or rules in an unreasonable or arbitrary manner on the part of detention authorities had the effect of preventing a prisoner from complying with the conditions and procedure prescribed by law for the taking or perfection of an appeal."

It therefore became petitioner's burden to produce evidence clearly showing that he was prevented from proceeding according to law and approved practice by a wrongful act or omission by the authorities. Annotation, 19 A. L. R.2d 792 to 811. Also as bearing on this subject see Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969.

IV. The record discloses that the accused was arraigned on the charge above stated, that he waived counsel and was sentenced to life imprisonment. In the district court the petitioner contended he was under the influence of narcotics at the time of his arrest, and that because of the withdrawal from their use after arrest he was incompetent to intelligently know what he was doing; that he was under the mistaken impression that he was entering a plea of guilty to the crime of robbery with aggravation, which carried a much less severe penalty; that he was taken to the penitentiary before he was aware of the real facts, and attempted to appeal by furnishing the addressed attorney such information with a request to act.

The trial court found petitioner had failed to substantiate any of the charges, that he was advised of his right to counsel,

and that he was not under the influence of narcotics at the time of his arrest, nor was he suffering from withdrawal at the time of his arraignment.

█ █ Petitioner did not himself attempt to obtain a new trial, or appeal, but contends he made a timely effort to obtain the aid of an attorney, which he had a perfect right to do. It should be conceded that in either case had he shown by sufficient evidence that the state had by acts or omissions prevented him from filing his appeal, his complaint would have merit, but such does not appear to be the case. On the contrary, he admits he "cannot prove in court facts to substantiate that claim." Thus the district court had no choice but to deny the charge against the state. There is no record evidence that the letter to Tacy was not mailed as requested, and no presumption the administrative officer did not perform his official duty. In fact the presumption is otherwise. Sewell v. Lainson, supra; Burtch v. Zeuch, 200 Iowa 49, 55, 202 N.W. 542, 39 A. L. R. 1349; Butler v. Des Moines, 219 Iowa 956, 258 N.W. 755; Bissell v. Amrine, supra. Here again we find nothing in the record to contradict this presumption, for apparently neither Johnston, the state employee, nor Attorney Tacy was called as a witness.

We must conclude there was no adequate or sufficient showing that petitioner's right to appeal was avoided by the state officers, willfully or otherwise.

█ Although this proposition has not heretofore been expressly passed on by us in a habeas corpus proceeding, so far as it affects the burden of proof, we see no material distinction in this situation and one where an individual seeks to set aside a judgment of conviction on the ground that his constitutional right to counsel has been violated. In each case the petitioner would have the burden of showing by a clear and convincing preponderance of the evidence that he was deprived of a right guaranteed him under the equal protection clause of the Fourteenth Amendment to the Constitution. This is as it should be, for a judgment of conviction bears a presumption of validity and regularity and cannot be lightly set aside by a collateral attack on habeas corpus. As bearing on this conclusion, see Macomber v. Hudspeth, 10 Cir., Kan., 115 F.2d 114, at 116, where the court said:

"The judgment is presumed to be correct and may not be lightly set aside; and the heavy burden rests upon petitioners in a habeas corpus case of this kind to show by a clear and convincing preponderance of evidence that they did not waive their right to counsel in the manner indicated above but were denied such right."

We were referred by the attorney general to a case much like the one at bar decided by the Kansas Supreme Court, Bissell v. Amrine, supra, 159 Kan. 358, 365, 155 P.2d 413, 417, wherein it denied the contention that petitioner had been wrongfully deprived of his right to appeal, by prison isolation beyond the time for service of notice, stating that "While it is true petitioner definitely testified that Warden Codding frustrated all his efforts to appeal, there are other facts and circumstances which, when given consideration, appear to refute his statements in that respect." One of these was the lack of corroboration, a circumstance which also exists in the case at bar. It was further pointed out there that the court is not required to believe the testimony of a witness merely because there is no direct evidence to contradict it. We have often announced the same rule. Gilmer v. Neuenswander, 238 Iowa 502, 28 N.W.2d 43.

Thus, even if petitioner had directly charged the state officer with the destruction of his letter or document, which he does not, we think his effort to gain his freedom in this manner cannot be rewarded.

When the scanty evidence is reviewed and considered in the light of the applicable principles of law above referred to, we are impelled to the conclusion that petitioner failed to sustain his burden of proof by a clear and convincing preponderance of the evidence, and that he was not deprived of a right to appeal as now claimed by him. Whether the attempt was actually made to appeal in this manner, or whether the letter was lost, or its reception unacknowledged by the attorney, the result must be the same. The appeal was not perfected and the fault was not proven to be that of the state.

The writ is denied and the judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.