**Alfredo D. ARELLANES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18721.**

United States Court of Appeals
Ninth Circuit.

Jan. 6, 1964.

Alfred D. Arellanes, pro. per.

Cecil F. Poole, U. S. Atty., and Jerrold M. Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, POPE and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

The district court has denied appellant's motion, under 28 U.S.C. § 2255, to vacate and set aside a sentence for violation of the Jones-Miller Narcotics Act. That order is the subject of this appeal.

The district court action was based upon its ruling that "All of the issues raised in the petition filed herein are the same issues as were discussed and ruled upon by the Court of Appeals for the Ninth Circuit in reviewing the judgment of conviction (see Arellanes v. United States, 302 F.2d 603 at page 610)."

In our judgment, the district court was in error in its appraisal of the scope of our earlier decision, and in denying appellant a hearing upon his present petition.

Appellant asserts that he was forced to go to trial without benefit of counsel when the trial court denied him a continuance so that counsel might be secured. As noted by the district court, the same contention was made upon appeal from conviction, and was rejected by this court. We there ruled, upon the record then before us, that the conduct of the defendant amounted to a waiver of his right to counsel. He had, at the time of trial and after the Government's opening statement had been made to the

jury, discharged counsel who had been representing him for almost seven weeks.

The opinion on the earlier appeal recites the circumstances as disclosed by the trial record. It appeared to be a simple case of a last-minute difference between counsel and client as to the conduct of the defense.

The constitutional right to be represented by counsel does not, of course, guarantee an attorney with whose advice the defendant can agree. To discharge an attorney because of disagreement, after trial has commenced and where, under the circumstances, the only alternatives are to proceed without counsel or with wholly unprepared counsel, can amount to a waiver of the right to be represented by counsel. Such was our holding.

In his present petition, appellant sets forth in detail his reasons for discharging his attorney: an alleged total failure to prepare for trial, accompanied by counsel's alleged fraudulent and extortionate securing of funds from the defendant and his family for the purpose of buying a dismissal of the charges.

If these most serious accusations of professional misconduct be taken as true, counsel's assistance was far from being constitutionally adequate under the standards set forth in Brubaker v. Dickson (9 Cir. 1962) 310 F.2d 30, 37. Since, under such facts, a defendant has never enjoyed the benefit of counsel in the constitutional sense, a refusal to continue with such inadequate representation cannot be deemed a waiver of the constitutional right to counsel.

Nor (if we accept the petition as true) does it appear that the defendant was capricious in delaying his discharge of his attorney until trial had commenced. He alleges fruitless efforts to secure other counsel. Nor (if we accept the petition as true) does it appear that defendant's failure to inform the trial court of these facts was such a deception as to amount to an election to proceed without counsel. The colloquy between court and counsel was such that appel-

lant may have read from it a discouragement of any explanation as to the precise nature of his complaint.

The petition, in short, presents an entirely different case for defendant's right to counsel than that which was presented by the trial record and one not controlled by our decision upon the earlier appeal.

In our judgment, accordingly, appellant is entitled to a hearing upon his petition.

Reversed and remanded for further proceedings.

CHAMBERS, Circuit Judge (concurring):

It is my hope that before ordering Arellanes to be brought back to court, the district court will cause his deposition to be taken to see how well the conclusory allegations hold up. Also, if the charges against former counsel prove untrue, I hope something will be done about it.