EARL DUANE ROBERTS, appellant, v. JOHN E. BENNETT, warden, Iowa State Penitentiary, appellee.

No. 51883.

(Reported in 141 N.W.2d 628)

April 5, 1966.

Norman G. Jesse, of Des Moines, for appellant.

Lawrence F. Scalise, Attorney General, Don R. Bennett, Assistant Attorney General, Phil Gross, of Waverly, County Attorney, and Thomas E. Tucker, of Fort Madison, for appellee.

Becker, J.—Plaintiff was convicted of the crime of burglary with aggravation by jury verdict returned April 13, 1962. He was sentenced to a term not exceeding 30 years. On May 7, 1963, the conviction was affirmed, State v. Roberts, 255 Iowa 166, 121 N.W.2d 513. Plaintiff thereupon filed petition for writ of habeas corpus in the United States District Court for the

Southern District of Iowa which was denied for failure to show exhaustion of state remedies required by 28 U. S. C. A., section 2254. Plaintiff then filed petition for writ of habeas corpus in the Lee County District Court. From dismissal of that petition, plaintiff appeals.

Originally plaintiff was charged with robbery with aggravation and with burglary with aggravation in separate indictments. He was held in custody in lieu of $25,000 bond. He retained Mr. Nadler as counsel to represent him on the robbery charge but was without counsel to represent him on the burglary charge. The court appointed James Coddington to represent defendant on the latter charge.

The State insisted upon and was granted the right to try the burglary charge first. The robbery charge was thereupon dismissed.

Mr. Coddington, former county attorney of Bremer County for four years, had tried about 50 cases, mostly jury trials, on behalf of the State during that time. He would have preferred not to have been given the assignment of plaintiff's defense but proceeded to help plaintiff in his attempt to retain Mr. Nadler, both lawyers then tried to get the robbery charge tried first, When they lost this battle Mr. Coddington proceeded to defend plaintiff on the burglary charge. The trial lasted approximately two weeks involving 23 witnesses for the State and 40 exhibits. Plaintiff did not testify and the defense used one witness.

No complaint was made by plaintiff concerning Mr. Coddington's services until after the jury found him guilty. Defense counsel filed motion for new trial which was overruled and defendant was sentenced to 30 years in the state penitentiary on April 9, 1962. Mr. Coddington filed notice of appeal on plaintiff's behalf on June 19, 1962.

On or about October 28, 1962, defendant prepared an application to this court containing 16 single-space legal-size pages requesting his appeal bond be reduced, that Attorney Coddington be ordered to return all papers to him, that the clerk forward copies of all motions to plaintiff and that an attorney from the Fort Madison or Burlington area be appointed to represent the appellant in the further pleadings in this cause. This motion

after reciting the preliminary situation, analyzed the record in the case in some detail and indicated that Mr. Coddington had obtained until December 1 for filing briefs, arguments, etc.

The motion also indicated that Mr. Coddington had promised to come to see Mr. Roberts on October 15, 1962, but had not arrived. The application did not challenge Mr. Coddington's good faith, his ability or his sincerity. The last page contains the following statement:

"Mr. Coddington in his last letter stated that he thought the best grounds on appeal was on the grounds of no corroboration of the accomplices testimony. Appellant agrees that it is highly doubtful if there was legal corroboration of the accomplices testimony, but the corroboration is a nebulous thing and difficult to define by citing previous cases. But the court's remark that the shop repair work order could be admitted in evidence for the purpose of corroborating the witness Alan Holden is something that is clear cut and without doubt a bad error on the part of the Court. That many of these remarks by the County Attorney are clearly prejudicial and denied Appellant a fair and impartial trial."

No further reference is there made to Mr. Coddington. This court on December 10, 1962, ruled "Appellant's motion considered and denied." In connection with plaintiff's apparent detailed grasp of the technical legal points involved, it is observed that plaintiff testified that he had attended the Blackstone College of Law for 18 months but had not graduated.

At this time plaintiff thought his lawyer was procrastinating and dillydallying around a little bit. He was not pursuing the appeal with the vigor which plaintiff would have liked. Additional reasons for plaintiff's dissatisfaction are set out in Division III.

In this climate plaintiff and his lawyer had a conference on October 31. Plaintiff told Coddington he wished to terminate his services as counsel, and that he, Roberts, had filed a request with the Supreme Court that Coddington be removed and new counsel be appointed. Mr. Coddington told plaintiff that he had set aside the whole month to prosecute the appeal and that in his opinion under Iowa law it was impossible to have other counsel appoint-

ed. They discussed the transcript for several hours. Mr. Coddington returned the next day, November 1, but plaintiff said he wanted to dismiss him. Mr. Coddington thereupon withdrew.

I. Plaintiff's petition is based on two grounds. First, that the Bremer County District Court deprived plaintiff of *trial* counsel of his own choosing, thus denying plaintiff, whom the court found to be indigent, due process of law and equal protection of law under Amendment 14 to the Constitution of the United States. The trial court found against plaintiff on this ground. No error is claimed or argued in connection therewith. The trial court's findings in connection with this ground are affirmed, rule 344(a)(4)(Third), Rules of Civil Procedure.

The second ground of the Application for writ of habeas corpus is alleged failure of the State to secure counsel for plaintiff on appeal from his conviction of burglary with aggravation. Three propositions are relied upon for reversal:

1. The failure to appoint counsel to aid plaintiff-appellant prosecute his appeal upon his motion therefor was a violation of the equal protection of the laws clause of the Fourteenth Amendment to the Constitution of the United States and renders the conviction and sentence invalid.

2. The trial court erred in its finding that the plaintiff-appellant waived his right to have counsel appointed to assist him in his appeal.

3. The Iowa Supreme Court is without jurisdiction to now correct deprivations of Constitutional rights causing plaintiff-appellant's present illegal restraint by now properly reviewing allegations of error in the trial of the criminal prosecution in the Bremer County District Court.

When this court denied plaintiff's request for new counsel he prosecuted his own appeal on full transcript and briefs. Apparently his legal training was of value. In passing on this appeal we observed: "Throughout the proceedings in the trial court defendant was represented by counsel. In this appeal he appears *pro se* but his arguments in his own behalf are exhaustive. The record on appeal now before us contains much extraneous matter that might well have been eliminated but there is nothing to indicate that there was lack of skill or ability in

1106

the defense below or thoroughness on appeal." State v. Roberts, 255 Iowa 166, 168, 121 N.W.2d 513, 514.

■ Defendant's ability to represent himself is not determinative here. It is a factor for consideration. Crooker v. California, 357 U. S. 433, 78 S. Ct. 1287, 2 L. Ed.2d 1448.

II. "In criminal prosecutions a defendant is entitled to the assistance of counsel. This is true by virtue of Amendment 6 to the United States Constitution made applicable to the states by Amendment 14, United States Constitution, and by virtue of section 10, Article I, of the Iowa Constitution, and furnished to indigents by Iowa, sections 775.4 and 775.5, Code of Iowa, 1962." Waldon v. District Court of Lee County, 256 Iowa 1311, 1315, 130 N.W.2d 728, 731.

■ The right to counsel includes the right to counsel on appeal. Douglas v. People of California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed.2d 811.

III. We have reexamined the original records in State v. Roberts, supra, and are satisfied that the State provided plaintiff with competent, conscientious appellate counsel. Plaintiff does not contend now that Mr. Coddington was incompetent or that he was not conscientious. The reasons given for dismissing counsel were "After my conviction, Mr. Coddington continued to act as my attorney for the purpose of prosecuting an appeal. I dismissed him as my counsel because I felt he had not been adequately prepared for trial in view of its difficulty and the possible life sentence. I was dissatisfied because testimony as to my prior criminal record was allowed into the record. I was dissatisfied because his motion for a new trial did not include some of the grounds for such a motion which we had discussed earlier. * * *

"It was this feeling that it had got down to 30 days: yet— I had one continuance, and I had 30 days yet to file my abstract in the Supreme Court, and the man had told me he would be down, as I recall in these letters, the first week in October and when the 28th came along, I typed up this motion on my own and said, well, I better try to get another attorney. It's just too nerve wracking, and I did it."

Plaintiff also observed that 49 days had gone by before the

notice of appeal was filed and 40 days before the transcript was ordered. Plaintiff knew that appropriate motion for additional time had been made and granted.

It is the contention of plaintiff that where an indigent defendant "is dissatisfied with trial counsel and has lost faith in his effectiveness, that upon application therefor, different counsel should be appointed to represent him on appeal." The only possible exception to this rule that plaintiff would recognize is "There must, of course, be a limit to the duty of the court to appoint different counsel upon request. It is suggested that when such request becomes dilatory, or merely a device to avoid process against him, that is time enough to impose such limitations. But where, as here, there is a good faith disagreement, a desire for the assistance of different counsel and a request for the same, the dismissal and request are clearly not dilatory; in such situation the fact that one attorney has been appointed, does not discharge the duty of the court to provide counsel on appeal."

We disagree. The subjective dissatisfaction of an indigent defendant with court-appointed counsel cannot be made the sole basis for demand for appointment of new counsel as a matter of constitutional right. In the event the indigent defendant is dissatisfied with court-appointed counsel, he has the right to ask appointment of new counsel stating the reasons for his dissatisfaction. The court then determines the propriety of appointment of new counsel. The Fourteenth Amendment provides in part "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." This amendment is not violated by failure to appoint additional counsel unless, under the circumstances by an appraisal of the totality of the facts in a given case there can be found "a denial of fundamental fairness, * * *." See Justice Black's concurring opinion in Carnley v. Cochran, 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70, which emphasizes the basis for the majority opinion.

The burden of proof here is on the plaintiff to show that his constitutional rights have been violated, Streit v. Lainson, 249 Iowa 916, 88 N.W.2d 638. We find no circumstances justi-

fying the conclusion that the defendant has been denied due process, equal protection of law or the right to counsel. This court considered and subsequently denied the application for appointment of new counsel.

The question here is not the right to counsel. It is the right to appointment of second counsel when defendant dismisses the first counsel appointed by the court.

■■■ We have reexamined the original application. Neither that application nor the record here contains any basis for holding that defendant was entitled to new counsel as a matter of right. "The constitutional right to be represented by counsel does not, of course, guarantee an attorney with whose advice the defendant can agree. To discharge an attorney because of disagreement, after trial has commenced and where, under the circumstances, the only alternatives are to proceed without counsel or with wholly unprepared counsel, can amount to a waiver of the right to be represented by counsel." Arellanes v. United States, 9 Cir., 326 F.2d 560, 561.

IV. The trial court held: "This court finds that the plaintiff, Earl Duane Roberts, did have counsel appointed to represent him in the appeal, and that he intelligently and with advice dismissed this counsel, and therefore waived the right to the assistance of counsel, and he has failed to convince this Court by a preponderance of the evidence that he did not properly waive his constitutional right to counsel in the appeal."

Plaintiff cites the Supreme Court of the United States, "It has been pointed out that 'courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and that we 'do not presume acquiescence in the loss of fundamental rights.'

"While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record." Johnson v. Zerbst, 304 U. S. 458, 464, 465, 58 S. Ct. 1019, 1023, 82 L. Ed. 1461, 146 A. L. R. 357.

"Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evi-

dence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." Carnley v. Cochran, 369 U. S. 506, 516, 82 S. Ct. 884, 890, 8 L. Ed.2d 70.

See also Gideon v. Wainright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733; Douglas v. People of California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed.2d 811.

Plaintiff concedes that he "intentionally, intelligently and freely dismissed his court-appointed trial counsel," but contends that by so doing he did not *intend* to waive his right to counsel. Waiver may be based on actions as well as words. Arellanes v. United States, supra. Plaintiff dismissed his lawyer after he had been told that he might well be without counsel if he did so and before he had any indication of what this court's action might be as to new counsel.

■ This is not a silent record. It shows that the plaintiff was not only offered but had counsel. He intelligently and understandingly rejected counsel's services. We do not believe Carnley v. Cochran, supra, is contra to what we say here. That case dealt with a presumption of waiver at trial. It dealt with a record which was silent as to facts on which waiver might be based. We need not, and do not, here rely on any presumption of regularity of court action vis-a-vis presumption against waiver of fundamental rights. Here the facts are known. No presumptions are necessary. Under the known facts the trial court held that there was a waiver of the right to counsel when plaintiff dismissed counsel already provided. We sustain this finding.

V. Plaintiff's last proposition need not be decided in light of the foregoing divisions. We should observe that Ford v. State, 258 Iowa 137, 138 N.W.2d 116, decided since plaintiff's brief was prepared, is contra to plaintiff's position.

Denial of writ of habeas corpus is—Affirmed.

All JUSTICES concur.