**STATE of Iowa, Appellee,**

v.

**Donald R. TAYLOR, Appellant.**

**No. 55757.**

Supreme Court of Iowa.

Oct. 17, 1973.

John H. Teget, Shenandoah, and Richard G. Davidson, Clarinda, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Asst. Atty. Gen., and J. C. Irvin, Page County Atty., for appellee.

Submitted to MOORE, C. J. and MASON, RAWLINGS, LeGRAND, and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves imposition of a deferred sentence on a plea of guilty to a charge of larceny in the nighttime.

The facts, so far as necessary to understand the errors assigned, are as follows. By information, the Page County Attorney charged defendant Donald R. Taylor with larceny in the nighttime and alleged that defendant "did commit Larceny in the nighttime of property the value of which exceeds $20.00, said Larceny from Skeeter's Skelly Service in Clarinda, Iowa . . . in violation of Section 709.4 of the 1971 Code of Iowa."

Mr. John H. Teget, who was court-appointed, represented defendant throughout the proceedings in district court.

The proceedings on arraignment included this:

THE COURT: And have you or your attorney received a copy of the Information which has been filed?

THE DEFENDANT: Yes.

THE COURT: Have you read it or had it read to you?

THE DEFENDANT: Yes.

Defendant thereafter pleaded guilty. The trial court fully complied with State v. Sisco, 169 N.W.2d 542 (Iowa). The following constitutes part of those proceedings:

THE COURT: Now, you are now entering, want to enter a plea of guilty to this charge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Now, is this plea on your part voluntarily made?

THE DEFENDANT: Yes.

THE COURT: It is of your own free will?

THE DEFENDANT: Yes.

THE COURT: There have been no promises or threats made to induce you to plead guilty?

THE DEFENDANT: No.

THE COURT: You are then telling the Court that you are pleading guilty of doing what?

THE DEFENDANT: Larceny in the nighttime.

THE COURT: What did you actually do?

THE DEFENDANT: Took money from the Skelly Station.

THE COURT: And, Mr. Teget, do you recommend the Court accept the defendant's plea of guilty?

MR. TEGET: Yes, Your Honor.

THE COURT: Do you join in this recommendation, Mr. Irvin [county attorney]?

MR. IRVIN: I do, Your Honor.

THE COURT: The Court will accept your plea of guilty and find you guilty of the charge of larceny in the nighttime.

The trial court then ordered a presentence investigation and set time for pronouncing sentence. On January 27, 1972, the court held a further hearing, considered the presentence report, and heard from the prosecutor and also from defense counsel, who stated among other things that "we would ask for a deferred sentence." Following allocution, the court granted defense counsel's request and deferred sentence until January 27, 1974, subject to defendant's compliance with probation conditions. Defendant signed an agreement containing the conditions.

Subsequently the probation officer handling the case reported to the court that defendant violated several probation conditions. On August 16, 1972, the trial court held a hearing in which defendant and his attorney participated. During the recep-

tion of testimony at the hearing, defendant moved to withdraw his plea of guilty. The motion was overruled. Also, following some other rulings adverse to defendant during the hearing, defendant's attorney asked to withdraw as such, but the court refused permission. At the conclusion of the evidence and arguments, the court terminated the order for deferral and pronounced sentence. Defendant appealed.

Defendant's attorney subsequently asked the district court for compensation for his services throughout the proceedings in the trial court, including the final hearing at which the court imposed sentence. The court allowed compensation.

In this court, defendant contends that the trial court erred in (1) refusing to permit defendant to withdraw his guilty plea, (2) overruling defendant's motion to dismiss for delay in trial, and (3) denying defendant effective representation by counsel.

█ I. *Withdrawal of Guilty Plea.* Our statute provides that trial courts "may" permit an accused to withdraw a plea of guilty. Code 1973, § 777.15. Trial courts have discretion in the matter. State v. Weckman, 180 N.W.2d 434 (Iowa); State v. Machovec, 236 Iowa 377, 17 N.W. 2d 843. In this case the trial court accepted defendant's plea only after fully and fairly examining the validity of the plea. Defendant obtained a deferred sentence and enjoyed the benefits of the deferral for a considerable time. A defendant is naturally tempted to seek to withdraw his plea after such a period has passed and the trail has grown cold on the original charge. We find no abuse of discretion by the trial court in refusing to permit defendant to withdraw the plea under the facts of the case, and we cannot sustain the first assigned error.

II. *Speedy Trial.* Defendant contends the trial court twice denied him his right to speedy trial, once when the court allowed five months to pass between the time the information was filed and the time defendant pleaded guilty, and again when the court deferred sentence.

█ As to the time lapse between the information and the plea, defendant is foreclosed from complaint by his guilty plea, under our recent holding in State v. McGee, 211 N.W.2d 267 (Iowa). Defendant did not challenge the demand-waiver rule in district court and cannot take advantage of State v. Gorham, 206 N.W.2d 908 (Iowa). The lapse of five months here did not rise to the level of unconstitutional deprivation of speedy trial. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101; State v. Kimball, 203 N.W.2d 296 (Iowa).

█ As to the time lapse resulting from the order for deferred sentence, any delay was self-inflicted by defendant. Through his counsel, he sought to have the court defer sentence and the court obliged.

We cannot sustain this assigned error.

█ III. *Effective Counsel.* Defendant contends he was unrepresented by counsel from the time that sentence was deferred until the report of probation violations was made and during that time the case was pending. The case was undoubtedly pending during that time. State v. Wright, 202 N.W.2d 72 (Iowa). But during that period the court took no steps in the case, and when the court revived the proceedings—after the probation officer made his report of violations—defendant's attorney again participated. Thus, at every point in the case at which proceedings occurred, defendant had counsel. We believe, in addition, that defendant's attorney in fact represented him during the hiatus between the deferring of sentence and the filing of the report of violations. Defendant's counsel did not withdraw when the court deferred sentence, and "Where the relation of attorney and client is shown to have existed in a particular case or litiga-

tion, there is a presumption of the continuation of such relation, in the absence of a showing that the relation has been terminated or discontinued." 7 C.J.S. Attorney and Client § 73c at 880. See also 7 Am.Jur.2d Attorneys at Law § 113 at 117.

 Defendant also contends the trial court deprived him of his right to counsel when the court refused his attorney permission to withdraw in the course of the hearing on sentence. But the proceedings show that defendant's counsel did not actually withdraw but remained on and presented defendant's position in the matter, so that defendant did in fact have representation. The proceedings also show that defendant's counsel performed creditably throughout the whole case. Certainly the performance was nothing of the kind which the court has said demonstrates incompetent counsel. See Parrott v. Haugh, 158 N.W.2d 766 (Iowa).

This court has stated, "In the event the indigent defendant is dissatisfied with court appointed counsel, he has the right to ask appointment of new counsel stating the reasons for his dissatisfaction. The court then determines the propriety of appointment of new counsel." Roberts v. Bennett, 258 Iowa 1101, 1107, 141 N.W.2d 628, 632. Another rule is that a defendant cannot proceed "in a manner that will obstruct an orderly procedure in courts of justice, and deprive such courts of the exercise of their inherent powers to control the same." Smith v. United States, 53 App.D.C. 53, 55, 288 F. 259, 261. See also United States v. Bentvena, 319 F.2d 916 (2 Cir.); Releford v. United States, 288 F.2d 298 (9 Cir.); Lee v. United States, 98 U.S.App.D.C. 272, 235 F.2d 219. Defense counsel asked to withdraw during the hearing on sentence after some adverse rulings by the trial court. Surely such rulings are not a ground for changing counsel in the midst of a hearing. Otherwise hearings could be continually interrupted. We hold the trial

court was well within its discretion in refusing to permit counsel to withdraw.

We do not find merit in the third assigned error.

Affirmed.