# IN THE COURT OF APPEALS OF IOWA

No. 14-1946
Filed August 17, 2016

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**REY GAYTON JR.,**
　　Defendant-Appellant.

_____

　　Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

　　Rey Gayton Jr. appeals the district court's denial of his motion to dismiss. **AFFIRMED.**

　　Joel A. Walker, Law Office of Joel Walker, P.C., Davenport, for appellant.

　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

　　Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**VAITHESWARAN, Judge.**

The State charged Rey Gayton Jr. with credit card fraud and third-degree theft. After a series of postponements, Gayton moved to dismiss the charges, claiming a violation of his right to a speedy trial. *See* Iowa R. Crim. P. 2.33(2)(c). The district court denied the motion. Gayton subsequently pled guilty to credit card fraud and waived his right to file a motion in arrest of judgment. The district court imposed sentence and this appeal followed.

Gayton contends the district court abused its discretion in denying the motion to dismiss. *See State v. Winters*, 690 N.W.2d 903, 907 (Iowa 2005) (setting forth standard for review of a district court's ruling on a motion to dismiss based on speedy-trial grounds). The State counters that Gayton "waived any claim regarding speedy trial by pleading guilty." We agree with the State.

"[A] defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). This includes defenses based on delays in bringing a case to trial. *See State v. Taylor*, 211 N.W.2d 264, 266 (Iowa 1973) ("As to the time lapse between the information and the plea, defendant is foreclosed from complaint by his guilty plea, under our recent holding in [*McGee*]."); *State v. McGee*, 211 N.W.2d 267, 268 (Iowa 1973) ("We hold that defendant waived delay in trial by pleading guilty."). When Gayton pled guilty, he waived his right to challenge the district court's ruling on his motion to dismiss.[1]

---

[1] As the State notes, Gayton's "appellate brief does not assert that the plea was involuntary, unknowing, or otherwise invalid" or contain "any allegation of ineffective assistance."

The Iowa Supreme Court's recent opinion in *State v. Taylor*, ___ N.W.2d ___, 2016 WL 3354424 (Iowa 2016), does not alter our conclusion. There, the court reached the merits of a claimed speedy trial violation. But, unlike this case, the court faced no procedural bars. The defendant did not plead guilty; she submitted to a trial on the minutes and was found guilty of the charged crimes. Under that posture, the supreme court could decide the merits of the district court's ruling on her motion to dismiss. *See State v. Lewis*, 05-2079, 2007 WL 1202382, at *4 (Iowa Ct. App. Apr. 25, 2007) ("Upon our review of the relevant proceeding, we conclude [the defendant] was convicted pursuant to a trial on the minutes, not an *Alford* plea; therefore he did not waive his right to appeal the denial of his motion to dismiss [for speedy-trial violations].").

Gayton, in contrast, faced a significant procedural hurdle to consideration of the merits of the dismissal ruling: his guilty plea. After obtaining a ruling on his speedy trial defense, he pled guilty and waived his right to challenge the plea via a motion in arrest of judgment. Under this procedural posture, he ran head-on into the holdings of *McGee* and *Taylor*. *See McGee*, 211 N.W.2d at 268; *Taylor*, 211 N.W.2d at 266. In light of this precedent, we do not reach the merits of the district court's ruling on Gayton's motion to dismiss.

We affirm Gayton's judgment and sentence for credit-card fraud.

**AFFIRMED.**