(No. 34955.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN DE COLA, Plaintiff in Error.

*Opinion filed January 23, 1959.*

GERALD W. GETTY, of Chicago, (JAMES J. DOHERTY, of counsel,) for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, WILLIAM H. SOUTH, FRANCIS X. RILEY, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The principal issue on the merits in this case is whether, by pleading guilty to an indictment, a defendant waives his statutory right to be tried within four months of the date of his arrest. (Ill. Rev. Stat. 1957, chap. 38, par. 748.) Before that question is reached, however, we must first dispose of a procedural problem concerning the method by which that issue has been put before the court.

On January 20, 1958, the grand jury of Cook County returned three indictments that charged the defendant, John De Cola, with unrelated offenses. Indictments Nos. 58-175 and 58-179 charged burglary, and No. 58-178 charged grand larceny. He was convicted and sentenced on each of the indictments. By this single writ of error he seeks to reverse the judgments of conviction in all three cases. Orthodox procedure permits only the judgment in a single case to be reviewed upon a single writ of error. An attempt to review unrelated criminal cases upon a single writ of error was sternly rebuffed in *People* v. *Mahan,* 329 Ill. 217. The same view was reiterated in *People* v. *Shelton,* 361. Ill. 477, although it was not necessary to apply it in that case. On the other hand, in *People* v. *Jennings,* 11 Ill.2d 610, we considered both the prisoner's judgment of conviction and the judgment in his post-conviction case upon a single writ of error.

Upon occasion the courts of other jurisdictions, while recognizing the impropriety of the practice if applied generally, have nevertheless reviewed separate criminal judgments in a single proceeding. (*Simpson* v. *State,* (Okla.

Crim. App. 1958) 325 P.2d 1118; *Istvan* v. *Naar*, (N.J. Sup. 1913) 85 Atl. 1012; *State* v. *Boylston* (La. 1915) 69 So. 860.) In the present cases there is a single defendant and a single issue. If the three judgments were before the court upon separate writs of error, efficient and economical judicial administration would dictate that they be consolidated for hearing and disposition. The State has not objected to the method by which the judgments were brought on for review. No useful purpose would be served by requiring that the same records that are now before the court in all three cases be brought here again in another form. For these reasons, and without intending to indicate a general relaxation of the usual rule, we have decided to consider the three cases on this writ of error.

The defendant was arraigned on January 24, 1958, and the public defender was appointed to represent. him. He pleaded not guilty to all three indictments, and requested a jury trial. The cases were set for trial on February 19, 1958. On February 19 the defendant answered ready for trial. The cases were first continued to March 25 but that date was changed when the assistant State's Attorney directed the court's attention to the fact that the defendant had been arrested on November 14, 1957, and that more than four months would have elapsed by March 25. The cases were then set for March 12. On March 12 the judge was engaged in the trial of another case. The defendant again answered ready, but the cases were continued to March 19 on the order of the court.

On March 19, 1958, the defendant filed a written motion for discharge in each case on the ground that he had not been tried within four months of his arrest, as required by statute. The motions were overruled. The defendant then waived a jury trial, was tried by the court upon indictment No. 58-175, and was found guilty. On the following day he pleaded guilty to the other two indictments. On

each of the three indictments he was sentenced to a term in the penitentiary or not less than one nor more than two years, the sentences to run concurrently.

The State suggests that by failing to demand an immediate trial when he was arraigned, and by requesting a jury trial, the defendant consented to the continuances from January 24 to February 19. There is no merit in this contention. The State also suggests that the continuances from February 19, 1958, to March 12, 1958, were requested by the defendant, or consented to by him. But the record shows that the defendant answered ready for trial on February 19.

None of the delay in the trial of the cases was attributable to the defendant. Nor is there any suggestion that the delay was due to the continuance that the statute authorizes when necessary to enable the prosecution to obtain evidence. (Ill. Rev. Stat. 1957, chap. 38, par. 748.) It follows that unless the defendant waived his rights under the statute, it was error to deny his motions for discharge. As to indictment No. 58-175, the defendant adhered to his plea of not guilty, and no ground of waiver is suggested. His conviction on that indictment must therefore be reversed.

The troublesome question is whether by his plea of guilty to the other two indictments defendant waived his statutory right. In numerous opinions this court has stated that a plea of guilty in a criminal case waives any defect that is not jurisdictional. (*People* v. *Popescue,* 345 Ill. 142, 152; *People* v. *Sweeney,* 409 Ill. 223, 225; *People* v. *Grabowski,* 12 Ill.2d 462, 466.) We have also held that the right to a speedy trial is not jurisdictional and that it is waived by failure to assert it in the trial court. (*People* v. *Utterback,* 385 Ill. 239.) In *People* v. *Lantz,* 387 Ill. 72, 76, and *People* v. *Sweeney,* 409 Ill. 223, 225, we stated that the right to a speedy trial was waived by a plea of guilty. In those cases the issue appears to have been one

of many before the court, and the statements made as to waiver by a plea of guilty appear to have been asserted as alternative grounds of decision.

We have therefore reconsidered the question. The right to a speedy trial is basic. It is asserted in section 9 of article II of our constitution, and the statute here involved was enacted to implement that right. (*People* v. *Hartman*, 408 Ill. 133.) Circumstances can be conceived in which delay might be so great as to amount to a deprivation of due process. (Cf. *People ex rel. Chirielson*, (N.Y. 1957) 143 N.E.2d 915.) There are no such circumstances in this case. The right to a speedy trial assumes that there are issues to be tried. A plea of guilty negatives that assumption. If a guilty defendant is permitted to speculate upon the chance that the administrative problems of a busy court may delay his case beyond the fixed statutory period, the fundamental right to a speedy trial is depreciated to the status of a tactical move in a procedural game. Of course the maximum delay permitted in any case tends to become the minimum delay in all cases. But this consideration is to some extent neutralized, because a guilty defendant can now waive indictment, enter his plea of guilty and begin service of his sentence as soon as he is arrested. Ill. Rev. Stat. 1957, chap. 38, par. 702; *People* v. *Bradley*, 7 Ill.2d 619.

We therefore adhere to the position that a plea of guilty waives the right of a defendant to a speedy trial. It follows that the judgments of conviction on indictments Nos. 58-178 and 58-179 are affirmed. The judgment of conviction on indictment No. 58-175 is reversed.

*Affirmed in part and reversed in part.*