THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES EDWARD SCOTT, Defendant-Appellant.

(No. 71-158;

Second District—March 1, 1972.

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

Philip G. Rienhard, State's Attorney, of Rockford, for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was charged by information with forgery, entered a plea of guilty and moved for probation which was denied. He was sentenced to the penitentiary for a term of two to seven years.

While this appeal was pending, defendant's attorney, the Illinois Defender Project, filed a motion to withdraw as counsel claiming the appeal to be frivolous. The brief in support of the motion sets forth the only possible issues as (1) the trial court failed to properly advise him

of his right to be indicted by the grand jury, (2) his extradition from Tennessee was unlawful, (3) his right to a speedy trial within 120 days was violated, and (4) he was deprived of effective assistance of counsel.

We have reviewed the transcript of the proceedings and find that the trial court properly admonished the defendant, who was represented by counsel, of his right to have the grand jury determine any charge to be brought against him. In doing so, the court adhered strictly to Supreme Court Rule 401(b). We therefore find no merit to this alleged error. In addition, we have reviewed the admonition given to the defendant prior to the court's acceptance of his plea of guilty and find that it was in accord with Supreme Court Rule 402.

■■ The defendant asserts that his extradition from Tennessee was unlawful. The record does not disclose any evidence on this issue nor does it disclose that the point was ever raised in the trial court. However, the law against defendant is clearly stated in *People v. Pardo* (1970), 47 Ill.2d 420, 423:

"Defendant further contends that his waiver of extradition was ineffective because he was a minor and it was not knowingly and voluntarily made. 'We have held that alleged irregularities in the manner in which a defendant is returned to this State on extradition for trial on a criminal charge will not be inquired into, since these matters affect neither the guilt nor innocence of the accused nor the jurisdiction of the court to try him.' (*People v. Partelow*, 26 Ill.2d 606, 607; *People v. Klinger*, 319 Ill. 275.) The power of a court to try a person for a crime is not impaired even by the fact that he had been brought within the jurisdiction by forcible abduction. (*Frisbie v. Collins*, 342 U.S. 519, 522; 96 L.Ed. 541, 72 S.Ct. 509.) Whether or not defendant voluntarily agreed to return to this State, the validity of the judgments entered against him here is not affected."

After entering his plea of guilty on March 4, 1971, the defendant moved for probation. During the hearing on the motion, the defendant testified that he was in jail in Tennessee awaiting trial on charges occurring in that State; that on February 26, 1970, the Rockford, Illinois authorities placed a detention order against him; that he thereafter entered the hospital on different occasions and his trial was continued. Prior to trial in that State, on February 1, 1970, he appeared before a criminal court judge in Tennessee on the Illinois extradition warrant and was released to the Illinois authorities.

■■ He now claims that he should have been tried in Illinois within 120 days from the date that the hold warrant was placed against him in Tennessee and failure to do so violated his right to a speedy trial. We find no merit to this contention for two reasons: First, where a defendant

is incarcerated without the State, defendant must make a demand to be brought to trial in Illinois in order to assert a denial of his constitutional right to a speedy trial; otherwise, it will be deemed waived. (*People v. Henry* (1970), 47 Ill.2d 312, and *People v. Tetter* (1969), 42 Ill.2d 569, 575.) There was no such demand made by the defendant herein. Second, by the defendant's entry of a plea of guilty he waived his right to a speedy trial. *People v. DeCola* (1959), 15 Ill.2d 527, 531.

■■ Defendant's last claimed error asserts that he was denied effective assistance of counsel based upon his trial attorney's failure to move for a dismissal of the charge for failure to bring him to trial within 120 days from the date the detention order was lodged against him in Tennessee. The futility of such a motion has already been discussed and there remains no merit to this claimed error.

We have reviewed the entire record and conclude that no error occurred. The motion to withdraw is allowed and the judgment entered is affirmed.

Motion to withdraw allowed; judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.