THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST R. SWANSEY, Defendant-Appellant.

(No. 54590; )

First District—October 4, 1972.

John A. Zvetina, of Chicago, (David M. Krichiver, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Patrick T. Driscoll, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

This is an appeal from a judgment entered upon a plea of guilty to the charge of possession of a narcotic drug, sentencing the defendant to not less than five nor more than six years in the Illinois State Penitentiary.

On June 28, 1966, the Cook County Grand Jury returned two indictments charging the defendant, Ernest Swansey, with the sale and possession of a narcotic drug in violation of Illinois Revised Statutes, Chapter 38, Section 22—3. On July 6, 1966, the two indictments were brought before the Circuit Court of Cook County for arraignment of the defendant. The defendant failed to appear, the case was continued until July 12, 1966, and defendant again failed to appear. The cause was stricken from the calendar with leave to reinstate and warrants issued for the defendant.

On June 20, 1966, a United States Grand Jury in Chicago returned an indictment charging the defendant with the sale of heroin. Thereafter, on May 28, 1967, the defendant was arrested by police of the city of South Miami, Florida, for violation of a municipal ordinance. Informed of the defendant's location, the Chicago Police Department requested that he be arrested on the warrant issued by the Circuit Court of Cook County, and on June 6, 1967, the defendant was arrested by the South Miami police. He stated that he would not contest extradition to Illinois.

On June 13, 1967, however, while the Defendant was still in Florida, he was taken into custody by a United States Marshall to answer to the federal indictment. On September 1, 1967, he entered a plea of guilty to the federal charges and was sentenced by the United States District Court in Miami to serve three years in the United States Penitentiary.

On February 5, 1968, the State's Attorney of Cook County obtained a writ of *habeas corpus ad prosequendum*, and on February 15, 1968, the defendant was brought before the Circuit Court of Cook County and the indictments reinstated. As the defendant was not represented by counsel and stated that he was without funds, the Public Defender was appointed to represent him. The defendant pleaded not guilty to both charges, and the case was continued until March 13, 1968.

On March 13, 1968, the defendant appeared represented by private counsel and the Public Defender was given leave to withdraw. The defendant then withdrew his former plea and entered a plea of guilty to

the lesser charge of possession of a narcotic drug and was sentenced to not less than five nor more than six years in the Illinois State Penitentiary, the sentence to run concurrently with the federal sentence. On April 15, 1968, the defendant filed a motion in arrest of judgment, which was denied.

On appeal, the defendant points out that approximately 280 days elapsed between the date of his arrest on June 6, 1967, and the date of his plea and sentencing on March 13, 1968, and contends that this denied him his constitutional right to a speedy trial. He also contends that the Circuit Court was without jurisdiction of the case on March 13, due to the expiration of the 120 day period of the Illinois "Four Term Act."

■■ The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and is applicable to the states through the operation of the Fourteenth Amendment. (*Klopfer v. North Carolina* (1967), 386 U.S. 213.) The Illinois Constitution, Article 1, Section 8 (1970), contains a similar guarantee. In *People v. De Cola* (1959), 15 Ill.2d 527, 531, 155 N.E.2d 622, 624, the Illinois Supreme Court considered the effect of a guilty plea upon this right and concluded that a plea of guilty waives the right of a defendant to a speedy trial. This decision was the natural and logical extension of previous decisions in which it had held that a plea of guilty waives all defects that are not jurisdictional and that the right to a speedy trial is not jurisdictional. *People v. Grabowski* (1957), 12 Ill.2d 462, 466, 147 N.E.2d 49, 51-52; *People v. Utterback* (1944), 385 Ill. 239, 243-44, 52 N.E.2d 775, 777.

■■ In the present case, the record indicates that the defendant pleaded guilty to the reduced charge of possession of a narcotic drug. He entered his plea voluntarily after consultation with counsel and admonition by the court. Having so pleaded, we conclude that he waived his right to a speedy trial, and we do not consider it necessary to rule on his various contentions regarding the length of his pretrial confinement.

■■ Section 103—5 of the Criminal Code (Illinois Revised Statutes, Chapter 38 (1971)), commonly known as the "Four Term Act", provides that the defendant in a criminal case shall be brought to trial within 120 days of the date on which he is taken into custody. In *People v. Utterback* (1944), 385 Ill. 239, 243-44, 52 N.E.2d 775, 777, the Illinois Supreme Court held that the provisions of Section 103—5 are not jurisdictional. In addition, it is well established that a plea of guilty waived the right of a defendant to claim the benefits of this section. (See *People v. Lybarger* (1961), 22 Ill.2d 170, 173, 174 N.E.2d 687, 688-89, and cases cited therein.) Therefore, we find no merit in the defendant's second con-

tention, that the Circuit Court lacked jurisdiction of the case on March 13, 1968, due to the expiration of more than 120 days from the day that he was first taken into custody.

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

DIERINGER, P. J., and ADESKO, J., concur.