THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LEO CRUTCHER, Defendant-Appellant.

(No. 71-323;

Fifth District—November 28, 1972.

Paul Bradley, of Defender Project, of Mt. Vernon, (Robert E. Farrell, of counsel,) for appellant.

No appearance for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant entered a plea of guilty to armed robbery on May 14, 1968. On March 9, 1969, he filed a *pro se* petition for post-conviction relief, claiming that he had been denied his constitutional and statutory rights to a speedy trial, because he had been kept in custody from September 8, 1967, to February 5, 1968, the initial trial setting, a period of 149 days. Arguments were heard and the State's motion to dismiss was granted on July 10, 1969.

On this appeal, defendant argues that the trial court erred in that the petition stated a claim for relief and that he was denied adequate representation on his petition for post-conviction relief.

■■ An allegation of a violation of the 120 day rule does not present a constitutional question. (*People v. French* (1970), 46 Ill.2d 104, 262 N.E.2d 901, *cert.* den. 400 U.S. 1024.) Furthermore, the defendant's plea of guilty constitutes a waiver of both the 120 day rule and the constitutional right to a speedy trial. (*People v. DeCola* (1959), 15 Ill.2d 527, 155 N.E.2d 622); *People v. Scott* (1972), 3 Ill.App.3d 1063, 280 N.E.2d 1.) The trial court properly dismissed the petition.

■■ With regard to the allegation of inadequate representation, the record reveals that the appointed counsel did communicate with the defendant and ascertained his grievances. The last sentence of Supreme Court Rule 651(c), (Ch. 110A, sec. 651(c), Ill. Rev. Stat. 1969), which requires affirmative allegations in the record concerning the attorney's consultation with the prisoner and counsel's familiarity with the record was not in effect at the time of disposition of the post-conviction petition. A reading of the record discloses that counsel had not only studied the petition, but solicited suggestions from defendant, and had a familiarity with the record. (See *People v. Slaughter*, 39 Ill.2d 278, at 284-5, 235 N.E.2d 566.) Our review of the petition does not reveal how the petition could have been successfully amended. *People v. Burns* (1972), 4 Ill.App.3d 893, 282 N.E.2d 185.

Accordingly, the decision of the trial court is affirmed.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.