**STATE of Iowa, Appellee,**

v.

**Cecil Ray BURTLOW, Jr., Appellant.**

**No. 55075.**

Supreme Court of Iowa.

Sept. 19, 1973.

Larry J. Conmey, Anamosa, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen., and Dennis F. Chalupa, Co. Atty., for appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

MOORE, Chief Justice.

On June 25, 1971 defendant, Cecil Ray Burtlow, Jr., entered a plea of guilty to the crime of escape in violation of Code chap-

ter 247A and was sentenced to a term of not to exceed five years in the men's reformatory at Anamosa. He has appealed and asserts the trial court erred in (1) not conducting sufficient inquiry to determine whether his guilty plea was voluntary and (2) in questioning him relative to his earlier motion to dismiss the pending county attorney's information.

I. Defendant's trial counsel stated defendant personally wished to plead guilty to the crime of escape as charged in the county attorney's information. Judge Fleck then advised defendant it was his choice to decide whether to plead guilty and "I have to know fully that you are doing it voluntarily and you know what your rights are."

■ Obviously aware of the guidelines set out in State v. Sisco, Iowa, 169 N.W.2d 542 the court conducted a thorough interrogation of defendant and thereafter accepted his plea of guilty. We find it unnecessary to quote the rather lengthy record. Review thereof convinces us defendant understood the charge made, he was aware of the penal consequences of the guilty plea and that defendant entered his guilty plea knowingly and voluntarily. There was a meaningfuly compliance with the Sisco guidelines and standards. State v. Thomas, Iowa, 205 N.W.2d 717, 719; State v. Bledsoe, Iowa, 200 N.W.2d 529, 531. We find no merit in defendant's contention to the contrary.

II. Just prior to the guilty plea proceedings defendant's trial counsel made a motion to dismiss the county attorney's information on the ground defendant had been released from Riverview Center (prison farm). In resistance the county attorney pointed out defendant's escape was on May 23 and that his release from the original charge was on June 10, 1971, subsequent to his escape. Defendant's counsel then stated: "This is the understanding of the defendant as to what the county attorney has put into the record and we would withdraw our motion."

Rather than permitting the withdrawal, the court put defendant under oath and asked him about the dates. He confirmed the statements of the county attorney and his counsel. The motion to dismiss was overruled.

On appeal defendant contends the trial court erred in not giving the "Miranda warning" established in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, regarding in custody interrogation by police officers.

We need not reach the substance of the issue raised by defendant's unique argument. The issue was not raised in the lower court. Moreover, the voluntary guilty plea waived any such issue.

■ This court has repeatedly held that ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. State v. Tokatlian, 203 N.W.2d 116, 120; State v. Armstrong, 203 N.W.2d 269, 270, and citations in each.

■ A guilty plea voluntarily and intelligently made by a defendant constitutes an admission of guilt and when accepted by the court constitutes a conviction of the highest order. Such a plea waives all defenses and irregularities except that the information or indictment charges no offense and the right to challenge the plea itself. State v.. Culbert, Iowa, 188 N.W.2d 325, 326; Toogood v. Brewer, Iowa, 187 N.W.2d 748, 750; State v. Dorr, Iowa, 184 N.W.2d 673, 674 and citations. See also Parrott v. Brewer, 8 Cir., 421 F.2d 1386, 1388; Hopkins v. United States, 8 Cir., 344 F.2d 229, 234.

We find no reversible error. The judgment of the trial court is affirmed.

Affirmed.