**STATE of Iowa, Appellee,**

v.

**James Henry McGEE, Appellant.**

**No. 56388.**

Supreme Court of Iowa.

Oct. 17, 1973.

Walter W. Rothschild, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and David Dutton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, LeGRAND, and UHLENHOPP, JJ.

UHLENHOPP, Justice.

This appeal involves the effect of defendant's plea of guilty upon his contention that he was denied speedy trial.

The prosecutor charged defendant James Henry McGee with statutory rape in violation of § 698.1, Code 1971. Defendant pleaded not guilty and orally demanded immediate trial. Thereafter several proceedings occurred causing delay of trial, some of which originated with the State and some with defendant. Part of the delay resulted from testing of pubic hair found on the victim's clothing. The case was set for trial several times but was not tried on the respective trial dates. Based on delay in trial, defendant made motions to dismiss which the district court overruled on the ground that good cause for the delay existed.

Eventually the case was reached for trial. But before actual trial, the parties entered into a bargain that a lineup would be conducted and that if the prosecutrix identified defendant, he would plead guilty to the lesser offense of assault with intent to commit rape and the State would reduce the charge accordingly. Officers conducted a lineup, the prosecutrix identified defendant, the State reduced the charge with the trial court's permission, defendant pleaded guilty to the reduced charge as agreed, and the trial court accepted the plea after complying with the requirements of State v. Sisco, 169 N.W.2d 542 (Iowa). The court set a time for passing sentence and at that time, after a hearing, sentenced defendant to five years in the penitentiary, to run consecutively to a rape sentence in another case based on an unrelated incident. Defendant appealed.

Essentially, defendant makes two contentions before us. One is that he can raise the issue of delay in trial although he pleaded guilty, and the other is that good cause did not exist for the delay.

We do not reach the second contention, for our decision on the first one is dispositive. The rule is that "A guilty plea voluntarily and intelligently made by a defendant constitutes an admission of guilt and when accepted by the court constitutes a conviction of the highest order. Such a plea waives all defenses and irregularities except that the information or indictment charges no offense and the right to challenge the plea itself." State v. Burtlow, 210 N.W.2d 438, 439 (Iowa). See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; State v. Delano, 161 N.W.2d 66 (Iowa). The court did not hold otherwise in State v. Dillon, 258 Iowa 784, 139 N.W.2d 925. In that case the court chose to decide the particular statute the defendant relied on was inapplicable rather than to go into the effect of the guilty plea. See also Foster v. Brewer, 197 N.W.2d 366 (Iowa); State v. Brace, 181 N.W.2d 244 (Iowa).

No one suggests in the present case that the amended information charges no offense or that the plea itself is infirm. We hold that defendant waived delay in trial by pleading guilty. Woodson v. Brewer, 437 F.2d 1036 (8 Cir.); Becker v. Nebraska, 435 F.2d 157 (8 Cir.); Fowler v. United States, 391 F.2d 276 (5 Cir.); Emery v. State, 489 S.W.2d 17 (Ark.); Kirkland v. State, 273 So.2d 782 (Fla.); People v. De Cola, 15 Ill.2d 527, 155 N.E.2d 622; People v. Crutcher, 8 Ill.App.3d 772, 290 N.E.2d 417; People v. Swansey, 7 Ill.App.3d 1042, 288 N.E.2d 646; State v. Miles, 261 La. 663, 260 So.2d 661; Annot., 57 A.L.R.2d 302.

Affirmed.