**Robert LYNCH, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 2–56258.**

Supreme Court of Iowa.

Dec. 19, 1973.

David L. McCoid, Mt. Pleasant, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Gary L. Wiegel, Co. Atty., for appellee.

Submitted to MOORE, C. J., and LeGRAND, UHLENHOPP, REYNOLDSON and HARRIS, JJ.

PER CURIAM:

Defendant entered a plea of guilty to a county attorney's information charging him with larceny of a motor vehicle in violation of section 321.82, The Code. He was sentenced to imprisonment and thereafter brought this postconviction proceeding on the claim he was only "joy riding" and was guilty of no more than operating without consent in violation of section 321.76, The Code. He asserts the position he now takes was so obvious at the time he entered his plea as to render the proceedings void as a violation of due process of law.

Defendant does not claim noncompliance with the requirements of State v. Sisco, 169 N.W.2d 542 (Iowa 1969). It is unnecessary to consider the substance of defendant's claim; it is enough to hold he is without authority to assert it. The rule is well established that "[a] guilty plea voluntarily and intelligently made by a defendant constitutes an admission of guilt and when accepted by the court constitutes a conviction of the highest order. Such a plea waives all defenses and irregularities except that the information or indictment charges no offense and the right to challenge the plea itself. (Citations)." State v. Burtlow, 210 N.W.2d 438, 439 (Iowa 1973). See also State v. McGee, 211 N.W.2d 267 (Iowa 1973); and State v. Kobrock, 213 N.W.2d 481 (Iowa 1973).

We find no error. The judgment of the trial court must be and is affirmed.

Affirmed.