**STATE of Iowa, Appellee,**

v.

**Jerry Elno HORSTMAN, Appellant.**

**No. 55871.**

Supreme Court of Iowa.

May 22, 1974.

James G. Thomas, Anamosa, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., and David M. Remley, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and McCORMICK, JJ.

PER CURIAM.

Defendant appeals his conviction and sentence for escape under Code § 745.1. The record shows he was convicted upon his plea of guilty to the charge. He now asserts for the first time that he was informed against under the wrong statute.

 A guilty plea voluntarily and intelligently made waives all defenses and irregularities except that the information or indictment charges no offense and the right to challenge the plea itself. Lynch v. State, 213 N.W.2d 502 (Iowa 1973); State v. Kobrock, 213 N.W.2d 481 (Iowa 1973); State v. Burtlow, 210 N.W.2d 438 (Iowa 1973).

Defendant challenges his plea of guilty by asserting trial court did not comply with State v. Sisco, 169 N.W.2d 542 (Iowa 1969), in determining the accuracy of the charge. The record shows otherwise.

 The crime of escape is established by proof the accused was confined pursuant to conviction and escaped from such confinement or departed without due authority from a place to which he was duly assigned. Unauthorized departure is the gravamen of the offense. State v. Gowins, 211 N.W.2d 302, 306 (Iowa 1973). Here, in responding to inquiry by the trial court, defendant acknowledged he had been committed to the reformatory pursuant to conviction, had been sent to Kirkwood Community College, and left there without authority. In light of this record we find trial court properly ascertained the accuracy of the charge as required by the Sisco case.

Defendant's attack on his guilty plea is without merit.

Affirmed.